### VIRGIL BOURLAND v. THE STATE.

#### No. 3519. Decided January 17, 1906.

**Assault with Intent to Rape—Age of Prosecutrix—Specific Intent.**

See opinion for facts which sustain a conviction for assault with intent to commit rape upon a girl under 15 years of age, and punishment fixed at ninety-nine years; and to show the specific intent to have carnal intercourse.

Appeal from the District Court of San Saba. Tried below before Hon. Clarence Martin.

Appeal from a conviction of assault with intent to rape; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*Leigh Burleson, for* appellant.—On question of specific intent: Pefferling v. State, 40 Texas, 486; Thompson v. State, 43 Texas, 583; George v. State, 11 Texas Crim. App., 95; Curry v. State, 4 id., 579; House v. State, 9 id., 53; Thomas v. State, 16 id., 535; Slawson v. State, 39 Texas Crim. Rep., 176.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to commit rape upon a girl under 15 years of age, and his punishment fixed at ninety-nine years confinement in the penitentiary. The record shows that appellant, after securing permission from the prosecutrix's mother for prosecutrix to accompany him to an adjoining county, placed prosecutrix in a wagon and started on the journey. Dark coming on, appellant camped on the banks of a creek. Prosecutrix testified: "Appellant made down the pallet with the two quilts in the hack. I sat up after he laid down. He made me lay down with him on the pallet. He made me take hold of his private parts and work it up and down. He then unbuttoned my drawers, got on top of me, and tried to put his thing in my private parts. He did not hurt me but little. He was on me about three minutes. Then when he let me up I felt of my drawers and they were wet. He tried to put his thing in my private parts. When he got up he told me if I told papa he would kill me. I told him I would tell papa. When he got up he put me on the seat and put a quilt around me." The evidence further shows that the prosecutrix was under the age of 15 years. She was not the wife of appellant. These facts make out the offense of an assault with intent to commit rape upon a child under 15 years of age. In other words, it shows the specific intent to have carnal intercourse. The mere fact that appellant did not rape the child would not preclude the offense of assault with intent to rape. In fact the definition of an assault with intent to rape might justly be termed an incompleted rape. In other words if there is a complete entry of the private parts of the male into those of the female it is rape; if there is not a complete entry the other steps as stated above having taken place, it makes an assault with intent to rape. The case before us is very much like that of Callison v. State, 37 Texas Crim. Rep., 211. This is the only question necessary to be reviewed. The evidence being sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]