HENRY SANDERS v. THE STATE.

No. 3868. Decided June 6, 1908.

1.—Assault to Rape—Charge of Court—Weight of Evidence.

Where upon trial for assault with intent to rape the court submitted the facts but did not instruct the jury that any of these facts were proved, but informed them that if such were the facts defendant would be guilty, the same was not on the weight of the evidence.

**2.—Same—Motion for New Trial—Want of Verification.**

Where the question raised in motion for new trial was not verified in the record the same could not be considered on appeal.

**3.—Same—Practice in District Court—Witnesses, Number by State.**

It is not necessary for the State to put on all witnesses who may testify to the facts of the case; besides, where there was no bill of exceptions reserving this point it could not be considered on appeal.

Appeal from the District Court of Cass. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of an assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hill Stewart,* for appellant.—On question of charge of court: Dusek v. State, 48 Texas Crim. Rep., 519; 89 S. W. Rep., 271. On question of district attorney's failure to place all witnesses on the stand: Gazley v. State, 17 Texas Crim. App., 267; Montresser v. State, 19 Texas Crim. App., 281.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault to rape on a girl under fifteen years of age.

The evidence of the prosecutrix makes a sufficient case to justify the verdict of the jury under the decisions of this court since the case of Croomes v. State, 40 Texas Crim. Rep., 672. After stating her age and a lot of environing circumstances, she uses this language: "When we got to the house he laid me on the bed in the room, in his room. Didn't say anything to me. Just picked me up and laid me on the bed. He got on top of me. He pulled my clothes up. Don't know what he did with his clothes; kept them on, I guess. 'He did unbutton his pants. He worked up and down on me. I do know what his private is. Had that fully explained to me last court. I do know what you mean by his private, now. He put his private into me. Put it in between my legs and into my private. He did work up and down. Don't know how many times he done that; never counted. Just laid me on the bed one time. When he got through I got up."

Appellant testified in his own behalf denying the entire story. There are no bills of exception in the record. So the matters with reference to the introduction of evidence and the failure of the State to place on the stand certain witnesses mentioned in the motion for a new trial, cannot be considered.

The following portion of the court's charge is criticised: After defining rape and the necessary ingredients of that offense, the court then proceeds: "Now if you believe from the evidence beyond a

reasonable doubt, that the defendant, Henry Sanders, in Cass County, Texas, on or about the 30th day of March, 1906, unlawfully took hold of Mincy Satterwhite and laid her down and got on her and that his purpose in so doing was to have carnal knowledge of her and that he attempted to have carnal knowledge of her, or that he did have carnal knowledge of her, and that she was then a female under the age of fifteen years and was not the wife of the defendant, then you will find him guilty of an assault with intent to rape," etc. The objection urged to this charge is that it is on the weight of evidence. We are of opinion this exception is not well taken. It submits the facts as stated by the witness, and upon those facts instructed the jury they could find appellant guilty. It does not instruct the jury that any of these facts were proved, but informs them that if such were the facts appellant would be guilty.

The fourth ground of the motion is that the court erred in recalling the jury after their retirement and altering and changing the charge. This is simply stated as a ground of the motion and is in no wise verified, and, therefore, cannot be considered.

Nor does the fifth ground present any sufficient legal reason for a reversal. This alleges error in that the district attorney failed and refused to place on the stand as witnesses Will and Mary Satterwhite, father and mother of prosecutrix, whose testimony he alleges was necessary to corroborate prosecutrix. There was no bill of exceptions reserved to this, and as presented cannot be considered. Under the decisions in Texas it is not necessary for the State to put on all witnesses. The prosecution may make out its case, or at least put on evidence thought to be sufficient for that purpose without placing on all witnesses who are cognizant of the facts.

As the case is presented we find no such error as requires a reversal, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled, October 21, 1908, without written opinion.—Reporter.]