W. 927; Baird v. State, 51 Tex. Cr. R. 322, 101 S. W. 991; Brown v. State, 57 Tex. Cr. R. 269, 122 S. W..543; King v. State; 57 Tex. Cr. R. 363, 123 S. W. 135; Kempner v. State, 57 Tex. Cr. R. 355, 123 S. W. 131; Felder v. State, 59 Tex. Cr. R. 144, 127 S. W. 1055; Choate v. State, 59 Tex. Cr. R. 266, 128 S. W. 524; Hart v. State, 67 Tex. Cr. R. 497, 150 S. W. 188; Criner v. State, 71 Tex. Cr. R. 369, 159 S. W. 1059; Stephens v. State, 77 Tex. Cr. R. 30, 177 S. W. 92.

[2] Appellant made a motion for a continuance, and he has some very defective and incomplete bills to the admission of certain testimony. None of these matters can be considered in the absence of a statement of facts, as has all the time been held by this court in a great number of decisions.

Hence the judgment must be affirmed.

———

REESE v. STATE. (No. 5024.)

(Court of Criminal Appeals of Texas. May 15, 1918.)

1. RAPE ⬤⬤16(5)—ASSAULT TO COMMIT RAPE —FORCE.

In prosecution for assault to commit rape on a girl under 15 years of age, force and consent are not material issues.

2. RAPE ⬤⬤59(20, 21)—ASSAULT TO COMMIT RAPE—AGGRAVATED ASSAULT.

In prosecution for assault to commit rape, evidence held not to call for instruction on aggravated assault.

3. RAPE ⬤⬤53(2)—ASSAULT TO COMMIT RAPE —EVIDENCE.

Evidence held sufficient to sustain conviction of assault to commit rape on a girl in her eighth year.

4. CRIMINAL LAW ⬤⬤763, 764(8) — INSTRUCTIONS ON WEIGHT OF EVIDENCE.

A charge, if defendant did "make an assault upon said L. * * * with the intent * * * to ravish * * * her * * * you will find the defendant guilty,", was not on the weight of the evidence as assuming that defendant made an assault.

Appeal from ·District Court, Austin County; M. C. Jeffrey, Judge.

Miles Reese was convicted of assault to commit rape upon a girl under 15 years of age, and he appeals. Affirmed.

C. Douglas Duncan'and Johnson, Matthaei & Thompson, all of Bellville, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of assault to rape upon a girl under 15 years of age.

The facts show that she was between 7 and 8 years of age at the time of the occurrence. The little girl was left at home with her baby sister by her mother. Appellant came to the house, laid her on the bed, and undertook to have intercourse with her. Her testimony is to the effect that he pulled down her drawers and placed his privates between her legs and hurt her a little. There was an emission, but not an entrance in the private parts of the girl. The girl was impeached by showing that she made statements impairing the truth of her statements before the jury. She denied making the statements, and the appellant contradicted her. The facts show that there were indications of an emission and some blood on her drawers three or four days subsequent to this transaction. However, she said nothing about it until her mother made this discovery. Appellant himself testified and introduced evidence in corroboration showing an alibi. He denied the whole transaction, and said that he was not present, and that the matter did not occur so far as he was concerned. There is evidence also that the girl developed gonorrhea four or five days after the alleged transaction. This matter was gone into pretty fully before the jury. Appellant was sustained by his mother to the effect that she did the washing of the clothes of defendant, and that she saw no evidence of disease on his clothes. There was a woman living in the house with the mother of prosecutrix named Cochran, who, it was developed, had syphilis. The contention of appellant was that the pus from this woman might have gotten on the child and developed the gonorrhea. A physician testified that this could not be: that if the woman had both syphilis and gonorrhea that it was possible if the pus should have gotten on the girl's private parts that either disease might have been developed, but the evidence shows that the woman Cochran did not have gonorrhea, but only had syphilis.

[1-3] This is a case of assault to commit rape on a girl under 15 years of age; therefore the questions· of force and consent were not material issues. The element of force was not charged in the indictment. Nor do we think under the circumstances of this case that the question of aggravated assault was suggested; therefore the court did not err in refusing to charge this phase of the law. Under quite a number of authorities we are of opinion that the judgment should be sustained. See Callison v. State, 37 Tex. Cr. R. 217, 39 S. W. 300, Bourland v. State, 49 Tex. Cr. R. 197, 93 S. W. 115, Herbert v. State, 49 Tex. Cr. R. 72, 90 S. W. 653, Sanders v. State, 54 Tex. Cr. R. 171, 112 S. W. 938, and Branch's Ann. P. C. pp. 964, 965,. for enumerated cases.

[4] The charge given by the court is criticized, especially this clause:

"Now, I charge you that if you believe from the evidence, beyond a reasonable doubt, that the defendant did, as charged in the indictment, on or about the 27th day of October, 1917, in the county of Austin and state of Texas, unlawfully make an assault upon said Laura Starks, who was then and there under fifteen years of age, and was not then and there the wife of the defendant (as the term 'assault' is hereinbefore defined), with the intent then and there by such assault to ravish and have carnal knowledge of her, the said Laura Starks,

with or without her consent, you will find the defendant guilty," etc.

This is not a charge upon the weight of the evidence. It did not assume that the offense had been committed as a fact and so charge the jury. The jury was instructed that if they should find from the evidence that appellant made such assault, then in connection with the other phases of the charge the jury would be justified in convicting. It did not assume that the assault was committed, but left the jury to determine that fact, and if they should so find they might convict. We understand this to be a correct charge, and not on the weight of the evidence. A similar charge was held to be not subject to such objections in Sanders v. State, supra.

The judgment will be affirmed.