TOMAS SORIA V. THE STATE.

No. 5007.   Decided May 1, 1918.

1.—Assault to Murder—Aggravated Assault—Principals—Charge of Court —Converse Proposition.

Where, upon trial for assault to murder and a conviction of aggravated assault, the evidence was very meager in regard to the proposition of principals, upon which issue the court submitted his charge, the converse of the proposition should also have been submitted.

2.—Same—Alibi—Charge of Court—Forms of Charge.

Where, upon trial of assault to murder and a conviction of aggravated assault, the evidence raised the issue of alibi, the court should have submitted the requested charge, which was in proper form. Following Colbert v. State, 52 Texas Crim. Rep., 486, and other cases.

Appeal from the District Court of Edwards.   Tried below before the Hon. James Cornell.

Appeal from a conviction of aggravated assault; penalty, a fine of one hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*Will A. Morriss,* for appellant.—On question of principles: Hunnicut v. State, 18 Texas Crim. App., 498, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of alibi: Calpes v. State, 55 Texas Crim. Rep., 257; Myers v. State, 144 S. W. Rep., 1134; Herbert v. State, 49 Texas Crim. Rep., 72; Parker v. State, 40 id., 121; Underwood v. State, 55 id., 601; Hernandez v. State, 64 id., 73.

DAVIDSON, PRESIDING JUDGE.—Appellant, under an indictment charging assault to murder, was convicted of aggravated assault and battery.

The difficulty occurred at a Mexican dance in a schoolhouse. The alleged injured party, Apalonia Gloria, testified he heard a tapping or knocking on the north wall of the schoolhouse and left the dancing room to see what it meant. When he reached the place he urged the parties to cease such knocking; that appellant cut him with a knife; that he stooped to reach for a rock and as he did so appellant's brother shot him. He testified this difficulty occurred at the northwest corner of the schoolhouse, perhaps a little east of the northwest corner along the north wall. His wife testified that she was sitting on a bench on the west

side by a window out of which was broken a pane of glass, and that the difficulty occurred near the southwest corner of the house. She admitted, however, that she was only testifying as to what her husband told her about it. The injured party, Gloria, testified that he was not drunk, but had taken several drinks and had a bottle of whisky in his overcoat pocket in the dancing room. The other witnesses who testified in regard to it stated that he was very drunk, especially the sheriff and doctor who attended him almost immediately after the difficulty. The doctor testified he was too drunk to make a coherent statement. Other witnesses testified that the pane of glass was not broken out of the window mentioned by the wife of the assaulted party. The defendant testified that he was in the house at the time of the difficulty, took no hand in it, and knew nothing about it, except he heard a pistol shot on the outside north of the house. He also testified that his brother was in the dancing room at the time of the trouble; that he did not own a knife or a pistol. The two brothers spent the night at another Mexican's house after the difficulty, and the next morning the sheriff came early to arrest them and examined the room where they slept, as did the owner of the house, and found neither a pistol nor a knife upon the person of appellant, but on the brother they found a small penknife. There are no details as to how the difficulty came up except as stated. The parties were strangers to each other, never having seen each other before that night. Just what the relations and situation of the parties were at the time of the difficulty is not further described than as stated.

The court charged upon principals both from the cutting by appellant and shooting by his brother. The evidence is very meager in regard to this proposition. The knife wound was in front and the pistol shot entered from the rear. This formed the basis for a charge on principals. We are of opinion that if upon another trial the court should charge with reference to principals he should give the converse of the proposition. This testimony is very meager indeed and does not show, outside of the testimony of the State's witness, how the matter came. There were a number of people outside of the dance hall at the time of the trouble. If the assault was made as indicated, and the two were acting together for the purpose of doing what they did, or if they were aiding and encouraging each other in the assault, the question of principals would be suggested, but it is equally as true if they were not and that the brother if he shot the pistol did so to defend the other brother from an apparent attack about to be made by Gloria with a rock, he not being a participant in the original difficulty and coming upon the parties and finding them in that relation, he would not be considered a principal. If he did this, then the question of self-defense would be in the case in favor of the brother who shot the pistol in defending his brother from an attack, or an apparent or contemplated attack by Gloria. Where the testimony is so uncertain and erratic as that disclosed we are of opinion that if a charge on principals is given the converse of it should also be given. As given it made appellant responsible as a principal for the

shooting by his brother. If he made the first attack without having an understanding with his brother, and it was not a joint attack of the two, then he would only be responsible for the use of the knife. See Guffee v. State, 8 Texas Crim. App., 187.

Proper exceptions were reserved to the charge of the court with reference to giving the law of principals, and also to the court's failure to charge on alibi and refusal to give requested instructions presenting this theory of the law. We are of opinion that the charge on alibi should have been given. If he was in the house at the time of the difficulty he could not have been a participant in the difficulty, and, therefore, was not present. See Colbert v. State, 52 Texas Crim. Rep., 486; Gallaher v. State, 28 Texas Crim. App., 247; Walker v. State, 6 Texas Crim. App., 576.

There is some suggestion that the requested instructions on alibi were not sufficient in using the following language: After setting out the usual stereotyped form that appellant at the time of the difficulty was at a different place in the schoolhouse from where the assaulted party was and was not and could not have been the person who did such act or acts, it reads: "You are therefore charged that if the evidence raises or leaves in your minds a reasonable doubt as to the presence of the defendant in the yard at the scene of the difficulty in question, at the time such difficulty, if any, occurred, then you must acquit the defendant, and say by your verdict not guilty." This phraseology, in giving this part of the charge on alibi, was approved in Walker v. State, 6 Texas Crim. App., 577, and Gallaher v. State, 28 Texas Crim. App., 247, and the same proposition asserted in an opinion by Judge Ramsey in Colbert v. State, 52 Texas Crim. Rep., 486, supra. We think the charge was sufficient and called for by the facts.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*