EDWARD WILLIAMS V. THE STATE.

No. 9479.     Delivered November 18, 1925.

Rehearing denied January 27, 1926.

**1.—Passing Forged Instrument—New Trial—Misconduct of Jury—Properly Refused.**

Where a motion for a new trial is predicated upon the misconduct of the jury in referring to the fact, not in evidence, that appellant was charged with robbing the depot at Jacksonville, and on the hearing of the testimony of all of the jurors on this issue there was a conflict in their testimony, we are of the opinion that the learned trial judge did not abuse his discretion on overruling the motion. If there was a reference made to such extraneous matter after the jury had all agreed on appellant's guilt, no injury is shown, as he received the lowest punishment.

**2.—Same—Continued.**

If however, the testimony of the jury as to whether or not the statements were made before, or after the jury had agreed on a verdict of guilty were in conflict, then such conflict would be a matter for the trial judge to pass upon, and in any event, as this record is presented to us, no possible injury to appellant has been shown.

**3.—Same—Evidence—Impeaching Appellant—Properly Admitted.**

Where appellant's mother, testifying in his behalf, was asked on cross-examination by the state if it was not true that appellant had been charged theretofore with a felony at Lufkin, Texas, appellant having testified as a witness in the case, such testimony was properly admissible as impeaching testimony.

ON REHEARING

**4.—Same—Misconduct of Jury—Not Established**

On rehearing we have carefully examined the record as it presents appellant's contention of misconduct of the jury. Ten of the jurors testified in person before the court, and by agreement, affidavits of the two absent jurors were presented. The evidence was conflicting

to a marked degree.   Matters of this character are peculiarly within the discretion of the trial court, and this court will not overturn the action of the trial court, unless it plainly appears that such discretion has been abused.   Not so appearing, in this case the motion for rehearing is overruled.

Appeal from a conviction in the District Court of Cherokee County.   Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*Jno. B. Guinn,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Cherokee County, for passing a forged instrument, with punishment fixed at two years in the penitentiary, this appeal is taken.

According to the State's testimony appellant presented and passed at a store in Jacksonville, a check which was shown clearly by the testimony to be forged.   The defense was that it was a case of mistaken identity and that appellant was at another and different place on the day of the alleged passing.   No exception seems to have been taken to the court's charge.   There are three bills of exception in the record.

Bill of exceptions No. 1 complains of the refusal of a new trial based in part upon misconduct of the jury.   The learned trial judge heard oral testimony for and against the motion. The allegation in the motion regarding said misconduct was in effect, that while deliberating the jury received other evidence than that introduced on the hearing of the case in that some of the jury stated that defendant stood charged with robbing the depot at Jacksonville, Texas.   What actually occurred in the jury room is left in much doubt from the testimony heard by the court upon the presentation of the motion.   No two of the jurors testified to the same thing. Some of the jurors testified that there was no discussion had of any other misconduct of appellant until after the jury had already agreed on his guilt in the instant case. One of the jurors was introduced by appellant in support of

his contention. This juror had made an affidavit which was attached to the motion for new trial. In stating that he was influenced by what he heard in the jury room other than the testimony from the witness stand, this juror said that he had a conversation with another juror, Mr. Bowman, before the last vote and that it seemed the two did not know what to do, and that one or the other mentioned that if the appellant was guilty, being charged with some other offense beside this, maybe if they would give him the lightest sentence it would be the best way to reform him, and that they then voted guilty. The State in rebuttal introduced juror Bowman who testified that the conversation he had with juror Bell was had after they had agreed that the appellant was guilty. It is impossible for us to say from this record what was in fact said regarding the appellant in the jury room. The record being in this condition of conflicting testimony, we are of opinion that the learned trial judge did not abuse his discretion in overruling the motion. Even if there was a discussion in the jury room of misconduct of appellant in other matters, if this was after his guilt had been agreed upon it would be of no harm to him inasmuch as the jury gave him the lowest penalty for the offense for which he was on trial. If there was a conflict in the testimony of the jurors as to whether the statements were made before or after the jury agreed on a verdict of guilty, the settlement of this conflict would be a matter for the trial judge.

There is a bill of exceptions complaining of the refusal of the court to retire from the court room while jurors were being examined upon this motion, certain other jurors who had been summoned as witnesses, who were later placed upon the witness stand, it being insisted that the examination of the jurors first placed on the stand was of such nature as might influence those used later against defendant's contention. We see no complaint in this bill of exceptions which presents any matter of possible substantial injury to the appellant. The matter was one within the discretion of the trial court.

The remaining bill of exceptions complains that appellant's mother, who was a witness in his behalf, was asked if it was not true that he, appellant, had been charged theretofore with a felony at Lufkin, Texas. Appellant was a witness in the case and if the State had the power to so prove, it

was permissible as a matter affecting appellant's credibility as a witness in the case. The bill presents no error.

The evidence showing appellant's guilt was direct and positive. The appellant's alibi was sworn to by some children who claimed to have been with him at his mother's house on the afternoon that said forged check was passed. There were contradictions in their testimony. The jury have solved the questions of fact and their verdict is not without support.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant courteously but urgently insists that there was such misconduct on the part of the jury as calls for a reversal. We have carefully reviewed the testimony of each of the ten jurors, and considered the agreement with regard to the testimony of the two who were absent, but find ourselves unable to agree that same shows more than casual reference to the failure of the defendant to testify, and each juror affirms that when reference was made same was checked in each instance and statements made to the effect that this was not to be considered. Some of the jurors insist that no mention was made of it until a verdict of guilty had been agreed upon. None of the jurors would admit making the remark except one who said that after the other jurors had come to a verdict he, in private discussion with another, said if the boy had been charged with other offenses, that to convict him and give him the lowest penalty might reform him. The juror named by this witness as the one with whom he had this private discussion, took the stand in rebuttal and testified that they had already agreed on a verdict of guilty at the time this conversation took place. Matters of this character are peculiarly within the discretion of the trial court, and this court will not overturn the action of the trial court unless it plainly appears that such discretion has been abused. We are not led to the belief that the record before us presents a case calling for a conclusion on our part that such discretion was abused.

The motion for rehearing will be overruled.

*Overruled.*