VENNIE PURCELL V. THE STATE.

No. 9644.   Delivered April 28, 1926.

Rehearing denied June 23, 1926.

**1.—Sale of Intoxicating Liquor—Indictment—Charge of Court—Verdict.**

Where an indictment contains two or more counts, but the court submits but one count in the charge to the jury, a general verdict of guilty, is sufficiently responsive. Following Turner v. State, 22 Tex. Crim. App. 42; Boren v. State, 23 Tex. Crim. App. 28; Southern v. State, 34 Tex. Crim. Rep, 144; and Escue v. State, 227 S. W. 483.

**2.—Same—Juror—Qualification Of—Householder or Freeholder.**

Where appellant objected to a juror on the ground that he is not a householder nor a freeholder, the burden is on him to establish the fact, and the testimony of the tax collector of the county that the juror was a

single man who lived with his parents, and rendered no real estate in that county, does not preclude the idea that he owned real estate in other parts of the state.

3.—Same— Misconduct of Jury — Referring to Defendant's Failure to Testify.

A casual reference to the failure of the accused to testify, by a juror while deliberating on the case, which is promptly checked, and not further discussed, will not call for a new trial in the lower court, nor for a reversal at our hands. Distinguishing Boozer v. State 82 Tex. Crim. Rep. 582.

ON REHEARING.

4.—Same—Misconduct of Jury—Not Shown.

Where it is shown only that on reading the court's charge the juror reading same, called attention to that part of the charge which instructed them that they must not consider nor be influenced by the failure of the defendant to testify, no misconduct is shown. The facts in the Boozer case, supra, relied on by appellant, were entirely different from those here presented, and the motion for rehearing is overruled.

Appeal from the District Court of Briscoe County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Norris & Daniels* and *Oxford & Oxford* of Plainview, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Briscoe County of selling intoxicating liquor, punishment fixed at one year in the penitentiary.

There is no statement of facts, and we are unable to appraise appellant's complaints directed at the sufficiency of the testimony.

There were three counts in the indictment. The court submitted only the third. A general verdict of guilty was sufficiently responsive. Turner v. State, 22 Tex. Crim. App. 42; Boren v. State, 23 Tex. Crim. App. 28: Southern v. State, 34 Texas Crim. Rep. 144; Escue v. State, 227 S. W. Rep. 483.

The complaint directed at Juror Simpson on the ground that he was neither a householder in the county nor a freeholder in the state is not sustained by the record. The testimony of

the tax collector of the county and an abstractor, that said juror lived with his father and mother and rendered no real estate in that county, does not make out appellant's case nor show that said juror did not own real estate in other parts of the state. The burden is on appellant to affirmatively show the juror lacking in qualification.

The only other bill of exceptions is to alleged misconduct of the jury in alluding to appellant's failure to testify. When the motion for new trial was heard eight jurors gave testimony, five of whom affirmed that no reference whatever was made in the jury room in their hearing as to the fact of appellant's failure to take the witness stand. R. M. Hill, one of the other jurors, said he read the charge wherein the court instructed them not to consider appellant's failure to testify as a circumstance against him and in connection therewith he made the remark that appellant had not testified and that the court had instructed them not to consider that. J. C. Hill, another juror, swore that in reading the charge it was stated that appellant did not go on the stand but that this could not be held against him. He said that no one discussed it further than the remark just referred to. Henry Rich, another juror, with J. C. Hill, were the two who voted for acquittal, and Rich was the last man to agree to conviction. On this hearing he swore that "It was just merely mentioned that defendant had not taken the witness stand; I don't remember the exact words that were said, nor could I say when it was mentioned." He said he believed Mr. Hill made the remark that the court charged them not to use that as evidence against the party, and after that it was not mentioned. Manifestly this is not such showing as to call for the setting aside of this verdict under the authorities. A casual reference to the failure of the accused to testify, which is promptly checked and not further discussed, will not call for a new trial in the lower court nor a reversal at our hands. None of the jurors seem to have heard what these three jurors testify was said among themselves, and the connection and manner of the allusion, if any, coupled with the further proposition that the matter was not discussed or considered, by the others or in their presence, is affirmed by these three men. What Mr. Rich stated he *could have said,* is too indefinite as to time, place, substance, etc., to reflect on the discretion of the learned trial judge in refusing the motion for a new trial. As a matter of fair procedure we might express doubt as to the proposi-

tion that a juror who is the only one holding out for acquittal, could by such remark, even if made, compel a reversal of the case. We do not think Boozer v. State, 82 Tex. Crim. Rep. 582, cited, is a case holding contrary to our conclusion. Said case is much stronger on its facts in favor of the accused than the instant case.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a forcible motion appellant insists that we erred in our holding as to the reversible character of the alleged misconduct of the jury. We have carefully reviewed the testimony in the light of the motion. That Juror R. M. Hill did make reference to the failure of appellant to testify, must be admitted; but the manner, surroundings and probable effect of such reference must not be lost sight of.

After stating that that he read the court's charge wherein the jury were told that the failure of the defendant to testify could not be considered against him, we quote what Mr. Hill swore:

"I read it all the way through; when I came to that part it was then I said that we could not discuss it, it was at the reading of that part of the charge, then I said that the defendant had failed to testify but that we could not discuss it or consider it as a circumstance against him and that we had to follow the court's charge and must not discuss it. * * * I think I was reading the charge and stated we could not hold that against him as well as I recollect. I said that when I was reading and came to that part, I am sure of that. I did not mention it before that."

Juror J. C. Hill, son of R. M. Hill, also testified as follows:

"I think in reading the charge it was stated that the defendant never got on the stand but that that could not be held against him. I never heard anyone discuss that after that remark was made, it was not discussed."

Juror Rich testified to the following facts:

"I believe that some one mentioned they believed he had failed, or something like that and after that was spoken I believe Mr. Hill made the remark that the court had charged us not to use that as evidence against the party and after that it was not mentioned."

As stated in our original opinion, five other jurors testified who said that they heard no reference to the failure of the defendant to testify, notwithstanding the fact they were present during all the discussions of the jury while in retirement.

There is nothing in the testimony of the three gentlemen above referred to suggesting other misconduct than that of the reference to the failure of the appellant to testify, as above set out. That this was but a "casual reference" held in many cases not to call for a reversal, is evident. There was no discussion of the matter and nothing appears to indicate remotely that the reference made had any effect upon the two jurors who were for acquittal. Nothing appears making it plausible that one should attribute to the two jurors who were for acquittal, each of whom testified and said that the remark mentioned had no effect upon them whatever, a falsehood in so stating.

Appellant still insists that our holding is contrary to that in Boozer v. State, 82 Tex. Crim. Rep. 72. In that case a juror stated while the jury were in retirement, that if he was being tried for the murder of his wife he would have taken the stand in his own defense. Three jurors swore that this statement was made. Under the facts of that case we held that the failure of the accused to testify did enter into the consideration of the jury. No such showing is made here. Giving effect to what the three jurors swore in the instant trial, it appears reasonably sure that as the juror Hill was reading the charge he came to that part of same warning the jury not to consider the fact of the failure of appellant to testify, and he made the remark constituting a reference to such failure and in that connection himself said that the court had charged them not to consider such fact. Each of said jurors testified it was not discussed or mentioned thereafter.

The motion for rehearing will be overruled.

*Overruled.*