## PURCELL v. STATE.    (No. 9644.)

(Court of Criminal Appeals of Texas. June 23, 1926.)

On motion for rehearing. Overruled.
For original opinion, see 283 S. W. 172.

LATTIMORE, J. In a forcible motion appellant insists that we erred in our holding as to the reversible character of the alleged misconduct of the jury. We have carefully reviewed the testimony in the light of the motion. That Juror R. M. Hill did make reference to the failure of appellant to testify must be admitted; but the manner, surroundings, and probable effect of such reference must not be lost sight of. After stating that he read the court's charge, wherein the jury were told that the failure of the defendant to testify could not be considered against him, we quote what Mr. Hill swore:

"I read it all the way through; when I came to that part, it was then I said that we could not discuss it. It was at the reading of that part of the charge, then I said that the defendant had failed to testify, but that we could not discuss it or consider it as a circumstance against him, and that we had to follow the court's charge and must not discuss it. * * * I think I was reading the charge, and stated we could not hold that against him, as well as I recollect. I said that when I was reading and came to that part, I am sure of that. I did not mention it before that."

Juror J. C. Hill, son of R. M. Hill, also testifies as follows:

"I think, in reading the charge, it was stated that the defendant never got on the stand, but that that could not be held against him. I never heard any one discuss that after that remark was made; it was not discussed."

Juror Rich testified to the following facts:

"I believe that some one mentioned they believed he had failed, or something like that, and after that was spoken I believe Mr. Hill made the remark that the court had charged us not to use that as evidence against the party, and after that it was not mentioned."

As stated in our original opinion, five other jurors testified, who said that they heard no reference to the failure of the defendant to testify, notwithstanding the fact they were present during all the discussions of the jury while in retirement.

There is nothing in the testimony of the three gentlemen above referred to suggesting other misconduct than that of the reference to the failure of the appellant to testify, as above set out. That this was but a "casual reference," held in many cases not to call for a reversal, is evident. There was no discussion of the matter, and nothing appears to indicate remotely that the reference made had any effect upon the two jurors who were for acquittal. Nothing appears making it plausible that one should attribute to the two jurors who were for acquittal, each of whom testified and said that the remark mentioned had no effect upon them whatever, a falsehood in so stating.

Appellant still insists that our holding is contrary to that in Boozer v. State, 82 Tex. Cr. R. 72, 198 S. W. 295. In that case a juror stated, while the jury were in retirement, that if he was being tried for the murder of his wife he would have taken the stand in his own defense. Three jurors swore that this statement was made. Under the facts of that case we held that the failure of the accused to testify did enter into the consideration of the jury. No such showing is made here. Giving effect to what the three jurors swore in the instant trial, it appears reasonably sure that, as Juror Hill was reading the charge he came to that part of same warning the jury not to consider the fact of the failure of appellant to testify, and he made the remark constituting a reference to such failure, and in that connection himself said that the court had charged them not to consider such fact. Each of said jurors testified it was not discussed or mentioned thereafter.

The motion for rehearing will be overruled.