### T. C. RUSSELL, JR., v. THE STATE.

No. 11574.   Delivered May 2, 1928.

Rehearing denied May 30, 1928.

1.—Transporting Intoxicating Liquor — Misconduct of Jury — Not Established—Discretion of Court.

Where, on a trial for transporting intoxicating liquor, appellant sought a new trial on account of the misconduct of the jury, in that one of the jurors, after retirement, stated in the presence and hearing of the jury, before a verdict had been reached, that the reputation of appellant was bad, and that he was a bootlegger. The trial court heard evidence on the issue, and his determination against appellant will not be disturbed.

2.—Same—Continued.

The settlement of a conflict in the testimony of the jurors relative to misconduct was a matter for the trial judge, and we are of the opinion that the record fails to show that he abused his discretion in overruling the motion. See Holland v. State, 298 S. W. 898, and Williams v. State, 279 S. W. 462.

**3.—Same—Disqualification of Juror—Not Established.**

Where appellant complains that one of the jurors who tried his case was a biased or prejudiced juror, and it appeared that this juror on his voir dire examination stated that he was acquainted with appellant, but no further inquiry was made, and the fact that it was afterward shown that said juror had heard before the trial that appellant's reputation was bad, would not render said juror disqualified for bias or prejudice.

Appeal from the District Court of Henderson County. Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Wynne & Wynne, Justice & Sigler* and *Sam Holland* of Athens, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor, the punishment confinement in the penitentiary for one year.

The state relied upon the testimony of the sheriff. He stated that he saw appellant driving north from the public square of Athens in an automobile; that he followed appellant in his car; that if appellant was out of his sight during the time it was only for a few minutes; that when appellant and a companion, who was riding with him, reached a point about three miles from Athens they turned to the left and went into the woods; that appellant and his companion stopped the car after entering the woods, appellant got a sack out of the car and placed it eight or ten feet from the car; that when he, the witness, got within about thirty yards of them, appellant began breaking the whiskey; that when he reached them he found that four half-gallon fruit jars of whiskey had been broken; that the parties had twenty-four empty pint bottles with corks, a funnel and a bottle of coloring; that he, the witness, drew about two-thirds of a pint of whiskey from the sack; that whiskey was running all over the ground; that appellant said: "It ain't a damn thing but beer. I'm willing to pay a beer fine;" that appellant said that the pint bottles belonged to him.

Appellant testified that he found the whiskey in the woods. His companion, Gaunt, gave similar testimony. J. H. Richardson, who had a paralyzed arm, testified that he had driven to

the point where the sheriff testified the whiskey was found and had seen the sack there before appellant and his companion arrived on the scene.

In his motion for a new trial, appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint was that one of the jurors stated in the presence and hearing of the jury, before a verdict had been reached, that the reputation of appellant was bad; that he was a bootlegger; and that the witness Richardson was paralyzed and could not drive an automobile and, therefore, was not stating the truth when he said he had driven an automobile to the place where the liquor was found. No affidavits of jurors in support of the averments were attached to the motion. The testimony complained of had not been received in evidence during the trial. The court heard testimony on the motion, which was in substance as follows: Upon retirement, the jury immediately took a ballot. Eleven jurors voted guilty, while the juror Lichfield voted for acquittal. No statements relative to the reputation of appellant were made prior to the taking of the first ballot. A juror, who voted for conviction on the first ballot, stated that after the ballot had been taken a juror sitting next to him said something about appellant being a bootlegger or being connected with a bootlegger. This juror stated that he didn't think anyone else heard the remark. The juror Lichfield, who voted for acquittal on the first ballot, stated that nothing was said in the jury room concerning the reputation of appellant. This juror stated, however, that he heard someone say that the witness Richardson was paralyzed and could not drive a car. However, the juror stated that he believed the statement was made after a verdict had been reached, but that, in any event, he had seen Richardson in a car and believed that he could drive a car. The remainder of the jurors testified that they heard no discussion concerning the reputation of appellant or of the fact that Richardson was paralyzed and could not drive a car, and some of them denied that such discussion was had.

Subdivision 7 of Art. 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate on a case, have received other testimony. The information given by one of the jurors to the others is new and other testimony within the meaning of the statute. Where, after retirement, the jury receive other evidence damaging to appellant, the presumption of injury will obtain. Holland v. State, 298 S. W. 898, and authorities cited.

The testimony heard by the court in our opinion fails to sustain appellant's contention. The granting of a new trial for misconduct of the jury is largely in the discretion of the trial court, whose action in refusing a new trial will not be disturbed in the absence of abuse of such discretion. The settlement of a conflict in the testimony of the jurors relative to misconduct was a matter for the trial judge, and we are of the opinion that the record fails to show that he abused his discretion in overruling the motion. Williams v. State, 279 S. W. 462.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we reached a wrong conclusion relative to his claim of misconduct of the jury. This has caused us to again carefully review all the evidence given by the jurors upon the hearing of the motion for new trial. Unless we misapprehend the facts they exclude the idea of injury resulting to appellant from any improper conduct on the part of the jury. Upon the first ballot the jurors stood eleven to one for conviction. The only juror who voted for acquittal states positively that he heard nothing said in the jury room about appellant's reputation, but explains that what caused him to be for acquittal in the beginning was because it seemed that one Gaunt was equally guilty with appellant and he could not understand why the state would turn Gaunt loose. It is apparent that if anything was said in the jury room about appellant's reputation it did not cause this juror to change his vote on the second ballot to guilty.

We do not feel authorized to sustain appellant's complaint that the juror Brownlow was a biased or prejudiced juror. Upon his voir dire examination he informed counsel and the court that he was acquainted with appellant. If further inquiry was made of this juror the record is silent with reference to it. It appears that prior to the trial he had heard some talk that appellant's reputation was that of a "bootlegger." He never imparted this to the other jurors before they reached their verdict. We would not be justified in holding that merely because a juror had heard appellant's general reputation discussed it would render such

juror disqualified for bias or prejudice. Some other facts must be made to appear before such a conclusion would necessarily follow.

The motion for rehearing is overruled.

*Overruled.*