BILL DAY v. THE STATE.

No. 15100.   Delivered March 23, 1932.
Rehearing Denied April 20, 1932.

18

The opinion states the case.

*Denman & DeLoney* and *L. B. Fowler,* all of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for four years.

The testimony of the state was, in substance, as follows: Appellant came to the home of Vick Y. Barbo, the injured party, in a drunken condition. Barbo requested appellant to leave, and was forced to secure a pistol to keep appellant from coming into the house. Appellant left with the statement, in substance, that he would return in a little while with a pistol and fight it out with the injured party. In a short time appellant returned and fired several shots at the injured party. Appellant's brother got between the parties and was wounded. After the shots had been fired at her husband, Mrs. Barbo attacked appellant with a chair. Appellant then fired a shot at her. When the pistol would fire no more, appellant assaulted Mrs. Barbo, knocking her to the ground. The assaulted parties then fled from the scene. Appellant offered no testimony.

We are unable to sustain appellant's contention that the trial court erred in refusing to submit an instruction covering the law of aggravated assault. The testimony was uncontroverted that appellant made an unprovoked attack on the injured party with a pistol, and that he fired several shots at him. See Colbert v. State, 52 Texas Crim. Rep., 486, 107 S. W., 1115.

In his motion for a new trial appellant alleged that the jury were guilty of misconduct, in that they considered and discussed the failure of appellant to testify. The court heard the testimony of the entire jury. Three jurors testified, in substance, that it was stated in the jury room after it had been determined that appellant was guilty, but before the penalty had been assessed, that if appellant was not guilty he should have taken the witness stand and told the jury what occurred when he shot at the injured party. One of these three jurors was not certain as to the names of the jurors making the statement. However, he entertained the

opinion that the jurors Vaught and Sparks made the statement. The other two jurors attributed the remark to jurors Vaught and Sparks. Juror Vaught testified as follows: "I do not remember any discussion in that case or any remark made about the defendant's failure to take the stand and testify in his own behalf. I do not think I made any remark of that kind. I did not make any kind of remark that I can call to memory in the jury room outside of the evidence as produced on the witness stand there. * * * I do not think I heard any of the jurors make any remarks about the defendant's failure to testify."

Juror Sparks testified as follows: "I did not hear anyone in the jury room make any remarks about the defendant's failure to testify."

In stating that he heard no reference at all made to the failure of appellant to testify, juror Vaught, in effect, denied that he made the remark attributed to him by two of the jurors, these jurors having stated in their testimony that Vaught and Sparks were the jurors who made the remark. Sparks said he had no recollection of having made such remark, and that he did not remember that anyone in the jury room discussed appellant's failure to testify. The foreman of the jury testified as follows: "I did not hear anyone in the jury room make any remark about the defendant himself failing to testify; that might have been mentioned at some time during our deliberations, but it was not discussed; I was one that mentioned it and called their attention to the fact that we, from the charge that we had, that we could not consider anything but the evidence that was produced on the stand and the charge that we received from the court."

Juror Looney testified that some one made a remark about appellant's failure to testify. However, he said: "It was not discussed in the case at all. It was just a casual remark made by someone." The remainder of the jury testified that they heard no reference made to appellant's failure to testify.

It is not clear that the trial court was not warranted, under the testimony heard on the motion for new trial, in concluding that no reference was made to appellant's failure to testify. In any event, the opinion is expressed that the conclusion was warranted that, if any reference to the matter was made, it constituted a mere casual mention, which was not followed by any discussion of the failure to testify; and, further, we are of the opinion that the trial court was warranted in finding that appellant's failure to testify was not considered by the jury as a circumstance against him. Lamb v. State, 98 Texas Crim. Rep., 358, 265 S. W., 1035. There being a conflict in the testimony on this issue, and the testimony supporting the finding of the trial court, we would be unauthorized to order a reversal. The granting of a new trial for misconduct of the jury is largely in the discretion of the trial court, whose action in refusing a new trial will not be disturbed in the absence of abuse of such

discretion. Lamb v. State, supra; Williams v. State, 102 Texas Crim. Rep., 624, 279 S. W., 462; Johnson v. State, 118 Texas Crim. Rep., 454, 40 S. W. (2d) 111; Russell v. State, 109 Texas Crim. Rep., 654, 6 S. W. (2d) 760.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In cases where, as in the present instance, the evidence heard on the motion for new trial is conflicting as to the existence of the fact or circumstance upon which the claim of misconduct of the jury is founded, the decision of the trial judge is conclusive upon this court unless from the record it is apparent that the trial judge was clearly wrong. Such is the rule that has prevailed since the beginning of our jurisprudence. Obviously, there is no other guide when the matter comes before the appellate court. The finding of the judge on conflicting evidence is analogous to the verdict of the jury upon the testimony. In each instance the result is binding on the court unless its unsoundness is demonstrated by the record. See Holt v. State, 51 Texas Crim. Rep., 15, 100 S. W., 156; Douglas v. State, 58 Texas Crim. Rep., 122, 124 S. W., 933; Lamb v. State, 98 Texas Crim. Rep., 358, 265 S. W., 1035; Mueller v. State, 119 Texas Crim. Rep., 628, 43 S. W. (2d) 589; Johnson v. State, 118 Texas Crim. Rep., 454, 40 S. W. (2d) 111; Riles v. State, 117 Texas Crim. Rep., 479, 38 S. W. (2d) 342; Elder v. State, 118 Texas Crim. Rep., 254, 37 S. W. (2d) 1015; Basham v. State, 118 Texas Crim. Rep., 29, 42 S. W. (2d) 261'; Vinson v. State, 96 Texas Crim. Rep., 307, 257 S. W., 905; Dyer v. State, 96 Texas Crim. Rep., 301, 257 S. W., 902; Manley v. State, 92 Texas Crim. Rep., 537, 244 S. W., 533; Purcell v. State, 104 Texas Crim. Rep., 633, 283 S. W., 1072.

In the present instance, the decision of the trial court upon the conflicting evidence before him on the hearing of the motion for new trial is binding upon this court, there being nothing before it showing a breach of the discretion of the trial judge.

The motion for rehearing is overruled.

*Overruled.*