FLOYD BURTON v. THE STATE.

No. 15239.   Delivered May 18, 1932.
Rehearing Denied June 15, 1932.
Reported in 51 S. W. (2d) 320.

The opinion states the case.

*J. M. Parker,* of Gorman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

We find in the record no bills of exception. The state's evidence shows appellant in possession of more than a quart of whisky. The testimony for the defense does not combat the fact of possession of said whisky, but advances and supports the theory that it was possessed for medicinal purposes by appellant's wife. The court instructed the jury that if such was the fact, or if the jury had a reasonable doubt thereof, they should acquit.

In his motion for new trial appellant set up that in their retirement the jurors discussed his failure to testify. The court heard evidence on the point. Three jurors testified. One of them said that he heard some one say he would love to have heard what the defendant had to say, but this was after the verdict was agreed upon. Another juror testified that nothing was said with reference to defendant's failure to testify, that some one started to mention something about it, and the foreman called him down and it never did come up at all. The other juror testified that the charge was read, and some one mentioned something about the defendant not having testified. There was no discussion, and he did not remember who made the statement, and there was nothing further to it. Appellant failed to sustain his contention. The trial court properly overruled the motion for new trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The only questions presented for review are the sufficiency of the evidence to support the verdict and the alleged misconduct of the jury.

The evidence is conflicting, but that of the state, if believed by the jury, is quite sufficient to support the conviction. With the facts before it, the verdict of the jury in favor of the state is binding on this court.

Touching the alleged misconduct, the facts adduced by the appellant on the motion for new trial, if true, are not deemed such as to justify a reversal. However, they are controverted, and on the conflict of evidence, the decision of the trial judge is conclusive on appeal. See Day v. State, 120 Texas Crim. Rep., 17, 48 S. W. (2d) 266, and many precedents therein collated.

The remark in the original opinion that there were no bills of exception was simply a statement of fact explanatory of the absence of any discussion of the bills of exception. In his motion for rehearing, appellant adverts to certain Acts of the 42d Legislature, declaring that bills of exception are unnecessary (chapter 135). The pertinency of the reference, however, is not perceived for the reason that the merits of the case were passed on in the original opinion. We take occasion to call attention to the fact that the act of the Legislature to which counsel for the appellant refers was repealed by chapter 34, section 3a, page 75, Acts of the Forty-second Legislature, First Called Session (Vernon's Ann. Civ. St., art. 2239 note) ; the repealed act having taken effect some time before the trial upon the present appeal.

Perceiving no error in the record, the motion for rehearing is overruled.

*Overruled.*