## STAYTON LEWIS V. THE STATE.

No. 16037.   Delivered December 13, 1933.
Rehearing Denied January 10, 1934.
Reported in 66 S. W. (2d) 334.

The opinion states the case.

*George Powell,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for one year.

Herman Johnson, the injured party, had had a difficulty with the wife of Lafayette Lewis, hereinafter referred to as Lafayette, in which he had hit her with a saucer. Seven or eight days after this difficulty appellant and Lafayette, his brother, were together in a Pullman car when Lafayette shot the injured party with a pistol. The testimony on the part of the state was to the effect that Lafayette and appellant approached the Pullman car together, and that as they approached the car, appellant handed his brother a package, saying to him, "Be sure and get him." Further, the testimony of the state was to the effect that appellant and his brother entered the Pullman car, and that Lafayette stated to the injured party that he had come to kill him. Again, the state's testimony was to the effect that when Lafayette attacked the injured party with a pistol appellant said: "Look out there fellow, you are going to get killed. Shoot the s— of a b—." Shortly after this statement was made by appellant, Lafayette fired the pistol at the injured party, inflicting a serious wound in his side. He and appellant then left the Pullman car.

Appellant denied that he acted with Lafayette in assaulting the injured party, and declared that when the difficulty arose, he took the pistol away from the parties in an endeavor to prevent trouble.

Appellant objected to the charge on the law of principals on the ground that the issue was not raised by the evidence. We are unable to reach the conclusion that the exception was well taken. As already pointed out, the proof was to the effect that as appellant reached the Pullman car with his brother he handed him a package and said, "Be sure and get him." After they entered the car together, appellant said: "Shoot the s— of a b—."

Appellant excepted to the charge of the court for its failure to submit an instruction covering the law of aggravated assault. The state's testimony, as already pointed out, was to the effect that Lafayette made an attack on the injured party with a pistol, and that he fired a shot into his side which severely wounded him. From the state's standpoint, appellant was present and encouraging his brother to kill the injured

party. From appellant's standpoint, he had nothing to do with the assault, but merely attempted to prevent trouble. Under the circumstances, the opinion is expressed that the exception to the charge was not well taken. See Day v. State, 48 S. W. (2d) 266; Colbert v. State, 107 S. W., 1115.

It appears that Lafayette had been indicted for committing an assault on Herman Johnson with a prohibited weapon. The transaction was identical with that involved in the present trial. Appellant contends, that, inasmuch as the grand jury had indicted Lafayette for an assault with a prohibited weapon, he, the appellant, could not be held as a principal to the offense of assault with intent to murder committed by Lafayette on Herman Johnson. We know of no authority sustaining appellant's contention. Notwithstanding the acts of Lafayette might have afforded ground for an indictment for an assault with a prohibited weapon, they nevertheless warranted an indictment for assault with intent to murder. The action of the grand jury would appear to be immaterial. The question was: Did Lafayette's acts constitute assault with intent to murder, and did appellant act with him as a principal?

We are unable to agree with appellant that the evidence is not sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have reviewed the record in the light of appellant's motion. The state witnesses made out a complete case of acting together between appellant and his brother, at the time of the shooting, and this made necessary a charge to the jury on the law of principals,—wholly regardless of whether such theory was strongly combated by the defense or not. The trial court must submit the law applicable to the issues raised by the testimony, and it then becomes the province of the jury to pass on the sufficiency vel non of the facts.

Various witnesses testified that appellant and his brother, both negroes, came together on the morning of the shooting to the Pullman car on which Herman Johnson was porter, and in which the difficulty occurred, participated in,—according to Johnson's testimony,—by both appellant and his brother. Ap-

pellant was positively identified as being one of two colored men who were seen by witness Lopez approaching the depot, where the car in question was located, and where the shooting took place, shortly before same. Lopez swore that he saw appellant hand the other negro a package about eight or ten inches long, wrapped in a newspaper, and heard him say, "Be sure and get him." Johnson, the injured party, swore that just before he was shot appellant "Walked out," and said "Look out there fellow, you are going to be killed, shoot the son of a bitch," and that appellant's brother shot him.

These facts justified the giving in charge to the jury of that phase of the law of principals which makes him a principal who has advised or agreed to the commission of an offense, and is present when same is committed.

We have examined all the other matters set up in appellant's motion, but are of opinion there is no necessity for discussing them. None of them call for reversal of the judgment.

The motion for rehearing will be overruled.

*Overruled.*