GEORGE W. HUFFMAN V. THE STATE.

No. 16326. Delivered March 7, 1934.
Reported in 69 S. W. (2d) 112.

The opinion states the case.

*Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Appellant pleaded guilty and filed an application for a suspended sentence. The proof on the part of the state was to the effect that a peace officer discovered in appellant's truck approximately fifteen half-gallon jars of whisky. The truck was parked near a store in the City of Stephenville.

In his motion for new trial, appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint was that one of the jurors stated in the presence and hearing of the jury, before a verdict had been reached, that appellant had received five thousand dollars insurance on the life of his wife and had paid off the debts against his ranch; and, further, that upon this statement the juror predicated an argument in opposition to suspending the sentence. It appears from the testimony heard upon the motion that upon the first ballot eleven of the jurors voted to suspend the sentence, and that the juror to whom the misconduct was attributed cast a vote to the contrary. Thereafter, several ballots were taken, resulting eventually in the conclusion that appellant was not entitled to a suspension of sentence. Appellant introduced two of the jurors, both of whom testified that the statement in question was made by Mr. Hale, one of the jurors, prior to the time the jury had determined whether the sentence should be suspended, and after the jury had stood eleven for suspension and one against it. The nine jurors testifying for the state testified that the statement attributed to the juror Hale was not made until after the verdict had been reached and signed, and that they had called for the court and were waiting for him to receive the verdict at the time such statement was made. The juror Hale testified that after the verdict had been reached and signed and while they were waiting for the judge to come to receive the verdict, he stated that he thought appellant owned a farm and that appellant had gotten about two thousand dollars insurance which he supposed he used to discharge any debt on his property.

It is unnecessary to decide whether the reception of the new

evidence would constitute reversible error if it had been shown that the remarks had been made prior to the time the jury reached a verdict. There was a conflict in the testimony as to the time the remarks were made. Under the evidence before the trial judge he was warranted in concluding that such remarks as were made on the subject were after the verdict had been agreed upon and prepared, and while the jury were waiting to deliver it to the judge. Under such circumstances, the finding of the trial judge is binding upon this court, unless it is shown by the record that his conclusion was clearly wrong. Garza v. State, 50 S. W. (2d) 322; Perkins v. State, 46 S. W. (2d) 672; Johnson v. State, 40 S. W. (2d) 111; Russell v. State, 6 S. W. (2d) 760.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.