## WILLIE GREEN v. THE STATE.

No. 17867. Delivered January 22, 1936.
Rehearing Denied March 4, 1936.

18

The opinion states the case.

*H. D. Grogan,* of Liberty, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder, the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Lee Atkins by shooting him with a gun.

In 1934, deceased, who was a negro, was living with his wife, Betty Atkins, on a farm near Liberty, Texas. Appellant, who is also a negro, was living in the house with them. Deceased had rented part of his farm to appellant. On the 22nd of August, 1934, appellant was sick and went to Liberty to get some medicine. He returned to the home of deceased about dark and he, Betty Atkins and deceased sat down to eat supper. Finishing his supper before the others, appellant left the table and went to his room. A few minutes later someone shot deceased in the back of the head with a shotgun. According to the testimony of Betty Atkins, she ran outside and saw appellant coming from the window through which deceased had been shot, with a shotgun in his hand. She was screaming and crying, and appellant said to her: "Shut up; hush hollering that way or I will knock you down." Appellant finally went to a neighbor's and reported the homicide. Testifying in his own behalf, appellant denied that he killed deceased.

We deem the evidence sufficient.

In his motion for new trial appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. Specifically it was averred that the cases of Raymond

Hamilton, Clyde Barrow and Hauptmann were cited by certain jurors for the purpose of inducing those who had voted against the death penalty to recede from their position. The testimony heard by the court on the motion disclosed that after the jury had unanimously decided that appellant was guilty, a vote on the penalty had resulted in several of the jurors being in favor of condemning appellant to confinement in the penitentiary while others were in favor of inflicting the death penalty. Appellant introduced two of the jurors. The first testified that other cases could have been discussed in the jury room but that he did not know that such was the fact. The second juror testified that Raymond Hamilton was mentioned but he did not know whether it was before or after the jury had assessed the death penalty. In the same connection he said that a juror stated to the jury that Hamilton had been to the penitentiary and had escaped. He said he could not testify as to whether an agreement on the penalty had been reached at the time the statement was made. He also testified that the case of Clyde Barrow was mentioned, but could not say whether same was mentioned before or after the penalty had been assessed. The remaining ten jurors were introduced by the State. They testified that they did not recall that the cases in question were discussed.

It is unnecessary to determine whether reference to said cases would have constituted other testimony within the meaning of subdivision 7 of Art. 753, C. C. P. The testimony heard on the motion warranted the conclusion of the trial court that the alleged misconduct did not occur. It is well settled that the granting of a new trial for misconduct of the jury is largely in the discretion of the trial court, whose action in refusing a new trial will not be disturbed in the absence of abuse of such discretion. Day v. State, 48 S. W. (2d) 266, and authorities cited.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a lengthy motion for rehearing in which he reviews the testimony,—the only point made in the motion being that we did not correctly understand

or interpret the evidence. We have carefully read the testimony in the light of appellant's motion, but are unable to bring ourselves to believe that we erred in our disposition of the case.

There is no dispute of the fact that some one, in the nighttime, shot and killed deceased, using a shot gun loaded with buck shot. The situation is correctly outlined in our original opinion. Not a word in the record indicates the presence at the home of deceased, on the occasion of the klling, of any other person who could have fired the fatal shot save and except this appellant. The testimony of the wife of deceased removes from the unbiased mind any doubt as to who the party was that fired the gun. No one was at the house except deceased, his wife and appellant. Appellant admits that just a moment or two before the fatal shooting he got up from the table where deceased and his wife were eating; admits that he went outside, and that while he was out there some one fired a gun through the window, killing deceased. The wife of deceased testified positively that when the shooting occurred she ran to the door and saw appellant with a gun in his hand, and that presently she got her hand on this gun and the barrel was still warm. Another witness, apparently with no interest in the matter, testified that he came to the house presently and took this gun, unbreeched it, and that smoke came out of the empty shot gun shell which he took out of the gun. We regard the testimony as sufficient, and the motion for rehearing is overruled.

*Overruled.*