STEVE RICKS V. THE STATE.

No. 2973. Decided May 10, 1905.

**1.—Rape—Charges Requested—Election of Counts.**

Where the indictment charged rape upon a girl under 15 years of age in the first count, and rape by force, threats and fraud in the second, and the court submitted only the first count, the action of the court amounted to an election, and there was no error in refusing charges with reference to the question of force.

**2.—Same—Evidence—Declarations by Defendant.**

Where the testimony of the prosecutrix, in a case of rape, was that she had been outraged under a certain tree, it was permissible for the State to have a witness testify that shortly after the alleged rape, and before defendant was arrested, he and witness passed by said tree and that defendant asked witness if he supposed a girl had ever had carnal intercourse under that tree.

**3.—Same—Circumstantial Evidence—Aggravated Assault—Assault with Intent to Rape.**

Where the evidence of the State makes out a clear case of rape by the direct and positive testimony of prosecutrix, which is met by defendant's testimony that the transaction did not occur at all, there was no error in not instructing the jury on the law of circumstantial evidence, aggravated assault, or assault with intent to commit rape.

Appeal from the District Court of Bee. Tried below before Hon. J. C. Wilson.

Appeal from a conviction of rape; penalty, sixteen years imprisonment in the penitentiary.

The opinion states the case.

No brief of appellant has reached the hands of the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment contains two counts: the first charging rape upon a girl under 15 years of age; and the second, rape by force, threats and fraud. The evidence shows the prosecutrix was under 15 years of age at the time of the alleged occurrence. The court submitted only the first count. There is some criticism of this action of the court, and further as to the court's refusal to submit special charges with reference to force and resistance as applied to the second count. There is no merit in either of these contentions. It was within the province of the court to submit the first count to the exclusion of the second; and this amounts to an election as between the counts. There was no error in refusing the charges with reference to the question of force, and want of consent. It was wholly immaterial under allegations of the first count.

While the witness Dahl was on the witness stand, he was permitted to state that while he and appellant were riding along the road, appellant pointed to a tree on the side of the road, and said, in substance, "Do you suppose any girl was ever f—d under that tree?" Objections were urged because the remark was not an admission of guilt but a mere vulgar expression, and was not a statement of the fact but an interrogatory, and did not tend to connect defendant with the act alleged and was remote and indefinite, and foreign to any issue in this case; and did not refer to prosecutrix, etc. We believe this statement of appellant was admissible. It was under the particular tree pointed out by appellant that the girl testified appellant had connection with her. While its probative force was not cogent, it did have some bearing, in our judgment, upon the question, for the reason that it was under that particular tree where he had intercourse with prosecutrix.

Exceptions were reserved to the charge because it failed to submit the law of circumstantial evidence. This is not a case of circumstantial, but of most positive testimony. The girl testified fully in regard to the whole matter, as to the intercourse, and all the facts and attending circumstances. Nor was it necessary for the court to submit the law of aggravated assault as urged by appellant. This was a case of rape, if the State's testimony is true. If appellant's theory is correct, the transaction did not occur. The girl testified directly and positively to the penetration. Appellant, the only other eye-witness testified that it did not occur, and contradicted the entire testimony of the prosecutrix.

For the same reason the court did not err in failing to charge upon assault with intent to commit rape.

Nor was there any error in permitting the State to elect to prosecute upon the first count in the indictment. It was wholly immaterial under that count whether intercourse was had with or without consent of the prosecutrix, and with or without the use of force or threats. We are further of opinion that the contention of appellant is not well taken that the evidence is insufficient. The girl's testimony makes out a clear and unequivocal case. Two physicians testify to having made a personal examination of the girl, and that they found her privates had been penetrated. The girl informed her mother of the conduct and acts of appellant, all of which appear in the record. We believe this testimony justifies the verdict of the jury. The judgment is affirmed.

*Affirmed.*