## J. Herbert, Alias J. Purney, v. The State.

### No. 3359.   Decided December 6, 1905.

**1.—Assault with Intent to Rape—Indictment.**

See case for indictment held to be sufficient to support a conviction for assault with intent to rape. Following Croomes v. State, 40 Texas Crim. Rep., 672.

**2.—Same—Alibi—Aggravated Assault—Impotency.**

On a trial for an assault with intent to rape, where the defendant admitted his presence with the girl alleged to have been raped, and where the prosecutrix's testimony showed that it was his unquestioned purpose to have carnal intercourse with her, and that he directed his efforts to accomplish that purpose, he denying such attempt; and the evidence not requiring a charge on impotency, there was no error in not charging on the law of alibi, aggravated assault or impotency.

**3.—Same—Charge of Court—Force.**

See case for charge of court criticised, which is held to be sufficient, on trial for assault with intent to rape.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of an assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The following statement taken from the brief of the State's counsel is substantially correct: "The State's testimony shows that on May 11, 1905, prosecutrix, aged 10 years, was going to market, and while passing the repair shop of appellant was called by him, and went in to see what he wanted, and when she got to the door he grabbed her, and carried her inside the shop, shut the door, put her on a bed, and made an attempt to penetrate her person. When he caught hold of her, she hollered and he put his hand over her mouth. She told him to get off of her and leave her alone, and when she hollered he held her down, and put his hand over her mouth. When he got up he gave her a dime. Delia Austin testified that she heard the prosecutrix crying or grunting in the shop, and heard appellant ask her, 'what in hell she was grunting about'; he said that somebody on the outside would hear them, then prosecutrix said appellant hurt her, and witness heard appellant reply that he hadn't got it into her yet. She also heard appellant tell her to stand up, and then tell her to lie down, and from prosecutrix groaning, so low, witness concluded that his hand was over her mouth. Witness in order to see and hear, got down on the ground by his shop. It was also shown that a discharge was noticed on the legs of prosecutrix as she came out of the shop. On the day after, prosecutrix was examined by a physician, who testified that there was slight irritation of the private parts of prosecutrix, showing that some degree of force had been used upon her, in an effort at penetration.

"Appellant admitted the presence of the little girl in his shop, and that the door was shut; he says that the door might have swung shut, or he may have shut it; that all that occurred was that the child

asked him for a dime, and that they talked awhile, and that he gave her a dime, and she went on out; that he never had her on a bed at all, and made no attempt to assault her."

The defendant as a witness denied any assault upon the girl, his theory being that it was a plot or trick invented by the mother of the girl and others; that there was bad feeling between him and them; that they charged him with the assault at a time he was not in the shop where it was alleged it occurred; that he took drugs to excite his animal passion, etc.; that the neighbors did not hear the outcry of the girl, etc.; that some of the State's witnesses were prostitutes, etc.

The indictment charged that J. Herbert, etc., on or about, etc., with force and arms, then and there in and upon Inez Timmins, a female, then and there under the age of 15 years, did make an assault with intent, then and there, to commit the offense of rape, upon the said Inez Timmins, by then and there attempting, by force, threat and fraud to ravish and have carnal knowledge of the said Inez Timmins, the said Inez Timmins not then and there being the wife of the said J. Herbert, alias, etc.   Against the peace and dignity of the State.

The entire charge of the court was as follows: "Rape is the carnal knowledge of a female or woman, under the age of 15 years, by a man, with or without her consent and with or without the use of force.

"The use of any unlawful violence upon the person of another with the intent to injure, whatever be the means or degree of violence used is an assault and battery, and if a man shall assault a woman, a female under the age of 15 years, who is not then and there the wife of said man, with the intent to have carnal knowledge of her and to ravish her, he is guilty of an assault with the intent to commit rape.

"If you should find and believe from the evidence beyond a reasonable doubt that about the time and place alleged in the indictment, the defendant was a man and did make an assault and battery in and upon Inez Timmins, with the intent to ravish and have carnal knowledge of her the said Inez Timmins, that is, to penetrate the female sexual organ of her, the said Inez Timmins, with the male sexual organ of him, the said defendant, or he then and there attempted to do so, and she the said Inez Timmins was then and there a female and under the age of 15 years and not then and there the wife of him the said defendant, by force and with or without her consent, then find him guilty as charged and assess his punishment by confinement in the State penitentiary for not less than two years.

"The defendant is presumed to be innocent until his guilt is established by the evidence to the satisfaction of the jury beyond a reasonable doubt and unless you are so satisfied find him not guilty.

"You are the exclusive judges of the credibility of the witnesses and the weight of the evidence and by your conclusions thereon you will determine your verdict."

*Reynolds & Barkley,* for appellant.—First, Appellant contends that the indictment having contained the following allegation: "By then

and there attempting, by force, threats, and fraud to ravish and have carnal knowledge of the said Inez Timmins" the State was compelled to prove and charge correctly upon same in order to sustain a conviction. The State alleges the use of force, threats, and fraud, with the consent of the female, an anomaly in pleading. Allegations of force, threats, and fraud, should in such cases never be used. Standard precedents and prescribed form do not contain them. In order to sustain a conviction the allegation of force, threats and fraud contained in the indictment were required to be proven. Moore v. State, 20 Texas Crim. App., 275; Jenkins v. State, 34 Texas Crim. Rep., 201; Munoz v. State, 85 S. W. Rep., 11; Morgan v. State, 50 S. W. Rep., 718.

Force, as applicable to assault and battery, applies also to the crime of rape, and it must have been such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case.

Penal Code, article 634, and authorities cited thereunder. There is but one definition of "force" known to our laws and that is the definition given in our Penal Code. In order to prove "force" the State must prove that the defendant, intended if it become necessary, to *force* compliance with his desires. The court cannot graft upon prescribed form for indictment for this offense a new form and make a new definition of "force" never before enunciated either by decisions or act of the Legislature and apply to said new form and convict appellant thereby. Such procedure is not consistent with justice. Had the State wished to try appellant upon the theory of the case as charged upon it should have granted a new trial, returned a new indictment without such allegations according to prescribed form, and then tried him thereby. In that event the defendant would have been apprised of what the State intended to prove and could then have been prepared to meet the same.

Had the State made out its case by proof of "threats" could it have proven some other and different form or kind of threats than that defined by Penal Code, article 635? Suppose the girl, Inez Timmins had testified as follows: "I was in Joe Herbert's shop standing by his work-bench and he said he would slap me if I did not have intercourse with him and we started back to the bed when a man came in. I was standing by him at the bench all the time but I was not afraid he would hurt me much or that he would kill me, though he was standing right by me and raised his hand just like he intended to strike me." Would this justify or warrant the court in making a new definition of "threats" and charging upon the same and convicting appellant thereby? Certainly not. The State would have had to prove the statutory "threats" that is that the 'threats were such as might reasonably create a just fear of death or great bodily harm, in view of the relative condition of the parties as to health, strength, and all other circumstances of the case." The same would also apply to attempt

to rape by fraud and should apply to "force." The court used the definition of force in assault and battery without reference to force as defined by Penal Code, article 634. We have no such definition of force under an allegation of "force" used in an indictment and have but one definition of it and where the State alleges it should prove every allegation as contained in said definition.

The exact question here raised has not been, as far as we have been able to find, decided, and the cases discussing it inferentially do not decide and are not applicable.

Penal Code, article 608, defines this offense as follows: "If any person shall assault a woman with the intent to commit the offense of rape. * * *" When an indictment is drawn under this article for this offense committed upon a girl under 15 years of age the authorities hold that allegations of force, threats, and fraud, should never be used. The reasoning supporting this rule is apparent and plain. To prove an assault with intent to maim under article 604, or "Assault with intent to murder" under article 605, or "Assault with intent to rape" under article 608, what must the State and what should it allege and prove? First, under each the State must prove an "Assault" and what is an assault is left to no uncertainty but is plainly defined by Penal Code, article 587, which reads as follows: "The use of any unlawful violence upon the person of another, with the intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture, showing in itself or by words accompanying it an immediate intention, coupled with an ability to commit a battery, is an assault." Then to establish this offense it is first incumbent upon the State to allege an assault and to prove such assault as defined above. Just that amount of force. Then in addition to this the State must allege and prove that said assault was committed with the specific intention of committing rape and what is rape. Rape is the carnal knowledge of a female under the age of 15 years, with or without her consent and with or without the use of force, threats or fraud. Then in addition to assault as defined by Penal Code, article 587, the State must, under proper allegations, only prove the intent to have carnal knowledge with the female and that she was under the age of 15 years. To this offense "force" as defined by Penal Code, article 634, then has no application unless the woman is over the age of 15 or unless the State has made unnecessary allegations. In the event that the woman is alleged to be over the age of 15 it then becomes a part, a constituent part of the offense of rape and should be alleged and proven. If the State allege the use of force, threats, or fraud where the girl is under the age of 15 it becomes descriptive of the identity of the offense and must be proven as alleged to support the indictment. Construing the articles as above they are harmonious and their meaning clear and obvious. There being no incongruity or making of new definitions or assuming that certain facts constitute such force

as is reasonably supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties, and other circumstances of the case.

The reasoning used in the Crooms case supports this construction of these articles. A part of this opinion reads as follows: "Therefore, without elaboration we hold, whether the female under the age of 15 years consents or not to an assault with intent to rape it is an offense and makes no difference whether there is any force."

Crooms v. State, 40 Texas Crim. Rep., 683, on motion for rehearing contains the following: "Of course there must be force used, and the same kind of force as is used in an assault or an assault and battery; and this must be sufficient to overcome resistance, taking into consideration the relative strength of the parties, and other circumstances of the case. Now what are the circumstances of the case? Evidently, that the assaulting party was a strong vigorous man, and that the prosecutrix was a helpless child, having no mind to the enormity of the offense, and incapable of yielding her consent. Under such circumstances, I´ insist that when an adult male takes hold of a child, and lays her down, pulls up her clothes, gets on top her and is making preparation to pentrate her female organ with his male organ  *  *  * he is guilty of an assault with intent to rape." However, in that indictment this question is not involved but we quote the same as the most favorable opinion for the State on such indictments. But according to this opinion should not the court charge "that the force used must constitute the use of unlawful violence, and this must be such as is sufficient to overcome resistance, taking into consideration the relative strength of the parties and the circumstances of the case but if you believe that the female is under the age of 15 such force may be presumed from such facts as that the male is an adult, and takes hold of the child, lays her down, pulls her dress up, and prepares to penetrate her female organ with his male organ if you should find that such facts are proven."

But does not this construction make an incongruity in the law and the decisions thereunder? Does not the placing of the construction as given on page three and above upon all the articles render them harmonious? It places a conviction or makes the same depend then not upon this article defining "force" but upon assault as defined by article 587 and that part of article 633 defining rape of a woman under the age of 15 years. This is the construction of those articles defining and making penal "Assault with intent to maim," assault with intent to murder," and the same reasoning and construction should be given to "assault with intent to rape."

*Howard Martin,* Assistant Attorney-General; *W. C. Oliver,* District Attorney, and *E. T. Branch,* for the State.—The indictment charged that the assault was made upon a female under the age of consent, by force, threats and fraud, but did *not* contain the allegation that the

assault "was without her consent." Appellant contends that under this indictment, the court should have charged on force, the same as if the prosecutrix had been a grown woman, and cites Jenkins v. State, 34 Texas Crim. Rep., 201; Morgan v. State, 50 S. W. Rep., 718; and Munoz v. State, 85 S. W. Rep., 11. Against these authorities the State cites: McAvoy v. State, 51 S. W. Rep., 928; Croomes v. State, 51 S. W. Rep., 924, 53 S. W. Rep., 882; Carter v. State, 70 S. W. Rep., 971; Allen v. State, 36 Texas Crim. Rep., 381; Moore v. State, 20 Texas Crim. App., 275. It will be noted that in the cases cited by appellant, the indictment charged that the assault was "without the consent of the female," and also that in each of said cases, there was no statement of facts, so that the court could not determine whether there was any force of any character used, not even showing that the person of the female had ever been touched by the appellant in those cases.

In McAvoy v. State, the indictment was exactly, in effect, the same as in this case. The allegation was that the defendant did attempt to ravish and carnally know. "Ravish" implies force; so that the allegation in this case of force, threats and fraud, is the same so far as force is concerned. The statute makes it immaterial whether force is used when the female is under the age of consent. In this case force was used. The child was grabbed and put on a bed; a grown man held her down, and when she tried to cry out, he hushed her cries with his hand. An examination of her person showed that some degree of force was used upon her. The attempt to have intercourse with her was both threats and fraud, McAvoy case, supra. The taking hold of her, with the intent to have carnal knowledge of her, was an assault with intent to rape by force. The failure to completely penetrate her was perhaps owing to her size. If appellant abandoned his intention because of that fact, it would not relieve him of the guilt of his attempt.

The court's definition of an assault with intent to rape was abstractly correct, and in applying the law directly to the facts, the court gave the jury instructions that they must find beyond a reasonable doubt that the appellant, by force, made an assault with the intent to have carnal knowledge of her. There being no allegation that the prosecutrix did not consent, this was not an issue, and the court was not required to give the statutory definition of "force" as applied to a grown woman. Nor was the court required to charge on aggravated assault. The evidence did not raise the issue. It either occurred as claimed by the State, or it did not occur. Ricks v. State, 87 S. W. Rep., 345. Appellant denied the entire transaction and contradicted the State's testimony. The jury accepted the State's theory, and the evidence is sufficient to support the conviction. Appellant's evidence does not raise the issue of *impotency.* It is contended that the charge is on the weight of the evidence, but it is not pointed out in what particulars, and we are unable to do so. The evidence does not raise the issue of alibi. Appellant admits that prosecutrix was in his shop when the door was shut.

Appellant also contends that the court should have charged on alibi

with reference to prosecutrix, that if she was not present at the alleged assault, the jury would acquit appellant.   This is frivolous.

The charge on reasonable doubt has been heretofore held not to be error.   Winfield v. State, 72 S. W. Rep., 182.

*E. T. Branch,* for the State.—There being no form in the books White or Wilson for assault with intent to rape upon a female under the age of consent, I suggest the following:

"A. B. on the —— day of ——, A. D. ——, in the said County of ——, State of Texas, in and upon C. D. did make an assault, with the intent then and there to have carnal knowledge of the said C. D.; the said C. D. being then and there a female under the age of 15 years, and being then and there not the wife of the said A. B.   Against the peace and dignity of the State."

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to rape, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.   The indictment properly charged an assault on a female under the age of 15 years, by the use of force. See the subject discussed in Croomes v. State, 40 Texas Crim. Rep., 672, particularly on motion for rehearing.

There was no necessity for the court to charge on alibi.   As we understand the testimony, appellant admitted his presence with the girl alleged to have been raped.   It does not occur to us that the court was required to charge on aggravated assault.   The testimony of prosecutrix shows that the unquestioned purpose of appellant was to have carnal intercourse with her, and that his efforts were directed to accomplish that purpose.   He denies that he made the attempt at all.   The evidence did not require the court to charge on impotency.

Appellant criticises the charge of the court in other respects, and also the verdict of the jury, but we do not deem it necessary to discuss said criticisms, as they appear to be of a frivolous character.   There being no error in the record, the judgment is affirmed.

*Affirmed.*