appears to have been substantially complied with.

The judgment is affirmed.

### On Motion for Rehearing.

MORROW, P. J. The case of Williams v. Planters' & Mechanics' National Bank of Houston (Tex. Civ. App.) 44 S. W. 617, is a decision by the Court of Civil Appeals at Galveston in which a writ of error was denied by the Supreme Court of this state. There was called in question the legality of the order of the district court of Harris county in granting an application for a change of venue, after the hearing, and transferring it to Galveston county instead of Fort Bend county. The court in its order stated that it appeared that the courthouse at Galveston county was, "for all practical purposes," the nearest courthouse to that of Harris county. The use of the words "nearest for all practical purposes" may, we think, be equivalent to "most accessible."

In the case of Shaw v. Cade, 54 Tex. 307, 311, the Supreme Court had before it the construction of the statute. The basis of the suit occurred in Galveston county. A motion to change the venue was granted, and the venue was changed to Harris county. On the call of the case in Harris county, a motion was made and sustained, transferring the case to Chambers county, the Harris county district court acting upon the theory that the order changing the venue to Harris county conferred no jurisdiction upon that court for the reason that the courthouse in Chambers county was the nearest to that of Galveston county within the meaning of the statute. It had been developed in Galveston county that the distance between the courthouse at Galveston county and that in Chambers county, by air-line measurement, was 42 miles, and by the "usually traveled route" was 56 miles; that the Harris county courthouse was distant from the courthouse of Galveston county, by air-line measurement, 50 miles, and by the "usually traveled route" the same distance, 50 miles. On appeal the Supreme Court determined that the assumption of the district court of Harris county that it had no jurisdiction was wrong, and that in refusing to try the case and in removing it to Chambers county upon the ground stated it was in error. The Supreme Court, in ordering the reinstatement of the case in the district court of Harris county, said: "The opinion of the court is that the nearest court house, in the meaning of the statute, is not necessarily the one nearest by geometrical measurement, but may be the one most convenient of access and nearest by the usually traveled route."

The statutes governing the change of venue in the particular in question are alike in both civil and criminal cases. See Rev. St. 1925, art. 2172; Code Cr. Proc. 1925, art. 565. Disclaiming any attempt, by quotation or otherwise, to put into words the exact meaning of the term "nearest county" as contained in the statutes in question, we are confirmed in our opinion that the statutes are not so rigid as to require a reversal of the judgment upon the facts pertaining to the question in hand upon the present trial. The precedents are numerous to the point that a mistake of the trial judge in exercising his discretion to change the venue does not affect the jurisdiction of the court to which the transfer is made. Such is the holding of the Supreme Court in the cases cited and of this court in the case of Taylor v. State, 81 Tex. Cr. R. 347, 197 S. W. 196, 201, and others. That there is some degree of flexibility, that is to say, that the trial court has some discretion in the matter of deciding the place to which the venue should be changed, is obviously the holding of the Supreme Court of this state in the cases cited and of this court in the cases cited in the original opinion. The judicial interpretation of the statutes, in view of the subsequent re-enactment of them in the same language, may be regarded as reflecting the legislative adoption or sanction. See Lewis v. State, 58 Tex. Cr. R. 351, 127 S. W. 808, 812, 21 Ann. Cas. 656, quoting Black on Interpretation of Laws, p. 369, thus: "When the Legislature revises the statutes of the state, after a particular statute has been judicially construed, without changing that statute, it is presumed that the Legislature intended that the same construction should continue to be applied to that statute."

The motion is overruled.

### LIRA v. STATE. (No. 12702.)

Court of Criminal Appeals of Texas. Nov. 6, 1929.

Harris & Harris, of Austin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, assault to murder; penalty, two·years in the penitentiary.

Officers were called to a Mexican house where a disturbance was in progress. Arriving there, they found appellant armed with a pistol. Asked to give it up, he refused, pointed a gun at one of them, and threatened to kill him if he came closer. He was pursued by the officers. As he fled, he fired back at or towards an officer who was some 120 to 150 feet away at the time. He ran under a house a short distance away. Told to come out, he did so without any further attempt to use his gun, which was voluntarily left by him under the house. The Mexican testified for himself that he was recently from Old Mexico, that he was drunk at the time of the alleged offense, and ran because he was afraid of being arrested; that he did not shoot at the officers; that he shot his pistol to scare them; that he did not intend to kill any of them.

The appellant correctly insists the court erred in refusing to charge on simple and aggravated assault, since there was present under the facts an issue as to a lack of intent to kill and a shot fired·only to alarm. Cubine v. State, 44 Tex. Cr. R. 596, 73 S. W. 396; Miller v. State (Tex. Cr. App.) 13 S. W.(2d) 865; Ivory v. State, 48 Tex. Cr. R. 279, 87 S. W. 699; Pearce v. State, 37 Tex. Cr. R. 643, 40 S. W. 806; Price v. State, 81 Tex. Cr. R. 208, 194 S. W. 827.

We deem it unnecessary to pass on other alleged errors. Some of appellant's bills are so qualified as to show no error, and others present questions not likely to again arise.

Reversed and remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.