## GUS CHANDLER V. STATE.

No. 24643. February 8, 1950.
On Appellant's Motion for Rehearing April 19, 1950.
(Opinion Reversing the Case Later Withdrawn).
State's Motion for Rehearing Granted May 31, 1950.
Appellant's Motion for Rehearing Denied (Without Written Opinion)
June 14, 1950.

*Herbert C. Martin,* Littlefield, for appellant.

*Joe Sharp,* District Attorney, Plainview, *Robert Kirk,* County Attorney, Littlefield, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with intent to murder with malice, and his punishment was assessed at five years in the penitentiary.

The evidence shows that the assault was committed upon Bena Chandler, by shooting her with a pistol.

Bena was formerly the wife of appellant, and the mother of his children. They were divorced, but it appears were again living together as man and wife at the time of the shooting.

Two of the shots fired by appellant struck Bena Chandler in the leg, one below and one above the knee.

In the year 1947, appellant had been adjudged to be a person of unsound mind. He testified, however, as a witness in his own behalf.

The court, in his charge, properly instructed the jury on insanity as a defense, and placed the burden of proof on the state to prove the sanity of appellant.

The evidence sustains the verdict of the jury, and no question is raised as to its sufficiency.

Appellant has filed no brief. One bill of exception appears in the record.

Over objection of appellant made at the time, and following a preliminary warning that objection would be made, appellant, on cross examination, was required to testify: "I was indicted in Lamb County in 1937 for assault with intent to murder."

In his charge the court withdrew such testimony and instructed the jury not to consider it for any purpose.

Appellant's objection was on the ground that same was prejudicial and inflammatory, and that the evidence was too remote.

The bill of exceptions fails to disclose what, if any, information regarding the intervening conduct of appellant was before the court at the time he admitted the testimony.

Whether a previous indictment or conviction is too remote is not to be determined alone by the lapse of time. The intervening

conduct of the accused also is to be taken into account and often determines the question of remoteness. See Wright v. State, 109 Tex. Cr. R. 164, 3 S.W. 2d 804.

From the bill, it does not appear that the trial judge abused his discretion in admitting the evidence originally.

Finding no reversible error, the judgment of the trial court is affirmed.

Hawkins, P. J., absent.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

It now appears that by special requested charge, the trial court did, in fact, instruct the jury upon the law of aggravated assault and intent to kill.

It was upon the failure to instruct upon these defenses that we ordered a reversal of the case.

Being in error in the conclusion reached, the state's motion for rehearing is granted, the former opinion granting appellant's motion for rehearing is withdrawn, and appellant's motion for rehearing is overruled.

Opinion approved by the court.