Jerry D. Conner, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Jim Skelton, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for sodomy. Trial was before the court on a plea of not guilty, with the punishment set at four years confinement.

Appellant raises two grounds of error, both relating to the sufficiency of the evidence.

James Clarence DAWSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 44243.

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

■ First, appellant complains that the complaining witness was an accomplice and conviction cannot stand for the reason that there was no corroborating testimony. The record shows that the complaining witness was ten years old at the time of the offense, and that he was in the fourth grade at the time of trial which was two years later. He testified that he did not want to do the act and that he was afraid. He further testified on cross-examination that he told the appellant to stop the act and the appellant would not do so. The testimony further reflects that the appellant had bought the complaining witness candy, school clothes, and school supplies.

There is no evidence to indicate that the boy voluntarily participated in the act or agreed or consented to it in any way.

This Court held in Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727:

"If from the evidence, a question is raised as to whether the child between the ages of nine and thirteen years voluntarily participated in the criminal act, or as to whether such child, so participating, is possessed of sufficient discretion to know the act to be criminal, and to have the necessary criminal intent, such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the witness is to be considered an accomplice witness."

See also: Alberts v. State, Tex.Cr.App., 458 S.W.2d 83; Mounce v. State, Tex.Cr. App., 432 S.W.2d 104.

Here, the court, being the trier of the facts, undoubtedly took into consideration the question and decided the complainant was not an accomplice witness. The evidence does not show the complainant to be an accomplice witness as a matter of law.

Appellant next contends that the evidence is insufficient to support the conviction because the witness's testimony was contradictory. The sufficiency of the evidence in the first instance is for the trier of the facts. A witness may be believed though he has been contradicted and part of his testmony may be recorded, accepted, and the rest disregarded. Hudson v. State, Tex.Cr.App., 418 S.W.2d 813. The complaining witness testified that the appellant pulled his pants and underwear down, had him lie face down on the ground, and that he placed his penis within his rectum. He further testified that this had occurred on one other occasion. A boy named Ramon testified that he was with the complainant and the appellant on the occasion in question and saw them go to the place where complainant alleged the act occurred.

Appellant testified in his own behalf and claimed he had never met the complainant, although he had seen him one time. He denied committing the act that was charged against him.

Numerous other witnesses testified as to seeing the appellant and complainant together on two or three occasions.

Under the entire record, the evidence is sufficient to sustain the conviction. There being no reversible error, the judgment is affirmed.