**Freeman E. THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48074.**

Court of Criminal Appeals of Texas.

Oct. 30, 1974.

**622**

———◆———

Jack W. London and Joe Daniel Stokes, III, Austin, for appellant.

Robert D. Smith, Dist. Atty. and Carl Clover, Asst. Dist. Atty., Austin, David A. Sheppard, Dist. Atty. and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for assault with the intent to murder a peace officer; the punishment, imprisonment for thirty-five years. In one of his grounds of error, the appellant contends that he was entitled to a charge on the lesser included offense of aggravated assault. He urges that his testimony that he did not intend to kill the prosecuting witness raised the issue of the lack of such intent and required the submission of a charge on aggravated assault. The trial court refused to submit the appellant's specially requested charge on aggravated assault, although it was timely made in writing, and also overruled the appellant's objection to the charge submitted because it failed to include an instruction on aggravated assault, although the objection was timely made in writing.

A discussion of this ground of error necessitates a partial summary of the testimony. Gerald Fleming, an Austin police officer, testified that at approximately 10:15 P.M. he arrived at the scene of a reported disturbance in the east part of Austin. He saw the appellant strike a woman in the face with a pistol, and then he saw the appellant run around a corner. Fleming, while he was running after the appellant, heard a gunshot and saw a flash. The officer immediately hid behind a tree. The appellant, while standing in front of a house in an area lighted by a porch light, pointed the gun in Officer Fleming's direction and fired. Fleming then aimed his weapon above the appellant's head and fired. The appellant ran a short distance farther; he then turned around, held the pistol in both hands, and fired another shot. Fleming, with the help of two other officers, captured the appellant as he crouched behind a fence.

The appellant testified that he did not aim or shoot the gun toward the pursuing officer, and that he did not intend to shoot, endanger, injure, kill or murder the officer or anyone else. He further testified that his gun went off twice before the officers arrived, that a third shot was fired accidentally while he was running and holding his gun in its holster on his hip, and that a fourth shot was fired accidentally as he leapt over a fence in his attempted escape.

A pistol is a weapon deadly per se when fired at a victim at close range. See, e. g., Gamblin v. State, 476 S.W.2d 18 (Tex.Cr.App.1972); and Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App.1972). The intent to commit murder may be proved by showing the use of a deadly weapon. See, e. g., Ortiz v. State, 490 S.W.2d 594 (Tex. Cr.App.1973); Carlisle v. State, 488 S.W. 2d 428 (Tex.Cr.App.1972); Gamblin v. State, supra. And in the absence of other evidence the intent to kill may be presumed from the use of a weapon deadly per se. See Watts v. State, 151 Tex.Cr.R. 349, 207 S.W.2d 94 (1947); Hall v. State, 418 S. W.2d 810 (Tex.Cr.App.1967). This presumption is rebuttable; it may be refuted by other evidence. If there is testimony from *any source* raising the issue of lack of intent to kill, the accused is entitled to have the jury instructed on the law of aggravated assault. See Watts v. State, supra; Chandler v. State, 155 Tex.Cr.R. 41, 229 S.W.2d 71 (1950); Lira v. State, 113 Tex.Cr.R. 300, 21 S.W.2d 506 (1929). See

also Hall v. State, 402 S.W.2d 752 (Tex. Cr.App.1966).

The question presented is whether the appellant's testimony that he did not intend to kill the officer was sufficient evidence to require the submission to the jury of an instruction on the law of aggravated assault. This Court in Watts v. State, supra, on original submission affirmed the judgment of conviction for assault with the intent to murder and held that the use of a weapon deadly per se was sufficient to show an intent to kill. It was also said that the appellant's lack of intent to kill would not reduce the offense to aggravated assault, and it was observed that to so hold would require a charge on aggravated assault in every case where the defendant testified that he did not have the intent to kill the prosecuting witness. On rehearing the judgment was reversed by a unanimous court which held that the presumption arising from the use of a weapon deadly per se was a rebuttable presumption, and that the accused's testimony that he had no intent to kill the prosecuting witness required the submission of a charge on aggravated assault. It was also said that "In order that no confusion might arise, it should be pointed out that the rule here announced appears to be different where death results and the prosecution is for murder. See Hadnot v. State, 110 Tex.Cr.R. 109, 7 S. W.2d 566; Barr v. State, 146 Tex.Cr.R. 178, 172 S.W.2d 322." See also Stills v. State, 492 S.W.2d 478 (Tex.Cr.App.1973). If this is a valid distinction it may explain what appear to be inconsistent holdings in some cases.

In Chandler v. State, supra, a unanimous court on the motion for rehearing reversed the judgment; the court cited and relied on Watts v. State, supra, and concluded that the defendant, who had stoutly denied any intent to kill the prosecuting witness, was entitled to have the jury instructed on the law of aggravated assault.

In Lira v. State, supra, the defendant testified that he was drunk at the time of the alleged offense, and ran because he was afraid of being arrested. He said he shot to scare the officers; he did not shoot at the officers; and he did not intent to kill any of the officers. That opinion says: "The appellant correctly insists the court erred in refusing to charge on simple and aggravated assault, since there was present under the facts an issue as to a lack of intent to kill and a shot fired only to alarm."

In Hall v. State, 402 S.W.2d 752 (Tex. Cr.App.1966), although it was dictum, it was said:

"In this case, it was the burden of the state to prove beyond a reasonable doubt that the assault was committed with the intent to kill, and the court's charge required the jury to so find. The issue of whether or not such intent was presented was raised by appellant's testimony, and an instruction on the lesser-included offense of aggravated assault should have been given, but no such charge was requested and there was no objection to the charge on that ground."

The State's position is that the only issue to be decided is whether or not the appellant fired the pistol at the officer. If he did not, as he testified, then there was no assault and the jury under the instruction given, if it believed appellant's testimony or had a reasonable doubt thereof, would have acquitted him. The State relies upon Watts v. State, supra; Fuller v. State, 409 S.W.2d 866 (Tex.Cr.App.1966); Royal v. State, 154 Tex.Cr.R. 567, 228 S.W.2d 162 (1950); and Day v. State, 120 Tex.Cr.R. 17, 48 S.W.2d 266 (1932).

The State is not on sound ground in relying on these cases. The opinion in Day v. State, supra, clearly shows the appellant did not testify at all. Therefore, he could not have testified that he did not intend to kill the prosecuting witness. In Royal v. State, supra, although the opinion does not clearly state that a charge on aggravated assault was submitted to the jury, an inspection of the record of that case on

file in this Court shows that a charge on aggravated assault was submitted to the jury. Fuller v. State, supra, relies upon Day v. State, supra, and Royal v. State, supra, for its holding. Furthermore, the holding in Fuller v. State, supra, that permits the trial court to disregard the appellant's testimony that he did not intend to kill the prosecuting witness, would erroneously permit the court rather than the jury to weigh the evidence.

Moreover, the State's contention is wrong because it ignores the proposition that the jury may accept or reject all or a part of a witness's testimony, and even though a part of that testimony is in conflict with or is contradicted by other evidence the jury may give credence to that part of the testimony. See Barrera v. State, 491 S.W.2d 879 (Tex.Cr.App.1973); Pizano v. State, 489 S.W.2d 284 (Tex.Cr.App.1973); Angle v. State, 486 S.W.2d 308 (Tex.Cr.App.1972); Dawson v. State, 472 S.W.2d 775 (Tex.Cr.App.1971).

It is also well recognized that a defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, and whether it be strong, weak, unimpeached, or contradicted. See Gavia v. State, 488 S.W.2d 420 (Tex.Cr.App.1972); Yeager v. State, 96 Tex.Cr.R. 124, 256 S. W. 914 (1923); Hubbard v. State, 153 Tex.Cr.R. 143, 217 S.W.2d 1019 (1949); Perez v. State, 146 Tex.Cr.R. 241, 172 S. W.2d 314 (1943); Pounds v. State, 142 Tex.Cr.R. 52, 150 S.W.2d 798 (1941); 31 Tex.Jur.2d, Instructions, § 110, pp. 660–61.

The jury in the present case could have *reasonably* rejected the appellant's testimony that he did not fire at the officer; it could have *reasonably* believed the officer's testimony that the appellant did fire the pistol at him at close range; it could have *reasonably* believed the appellant's testimony that he did not intend to kill the officer. The appellant has the right to have the jury and not the court decide these issues from the evidence under proper instruction. See Watts v. State, supra; Chandler v. State, supra; Lira v. State, supra.

Although the use of a weapon deadly per se raises a presumption of the defendant's intent to kill in a prosecution for assault with the intent to murder, the defendant's testimony that he did not have the intent to kill raises the issue of whether the *offense committed* was the lesser included offense of aggravated assault, and the jury should be instructed on the law of aggravated assault if a proper request is submitted or a proper objection is made. The holding in Fuller v. State, 409 S.W.2d 866 (Tex.Cr.App.1966) is overruled insofar as it is contrary to our holding here.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

The only defense in the case at bar was raised by the appellant's testimony from which I quote in part:

"Q Did anything occur as you ran around that corner of 12th and Salina?

A Yes.

Q What was that?

A My pistol went off.

Q Did you have that pistol in your hand?

A Yes, I had it in my hand, you know, holding it in my holster as I was running.

Q You had it in your hand, holding it in the holster?

A Right.

Q What happened to the holster?

A Well, after I shot, it split the holster open on the bottom.

\*     \*     \*     \*     \*     \*

Q  All right, now there was testimony earlier, I believe, to the effect that way back down at the Groovy Bar, at the very beginning, your gun went off and hit the pavement there in front of the door. Is that true?

A  Yes, it is true.

Q  How many times?

A  Two.

Q  Went off two times?

A  Right.

Q  So you have two times there in front of the Groovy Bar, and once up at Salina?

A  That is right.

Q  Now, there were four empty cartridges found in the pistol. That explains three of them. Do you know where the fourth empty cartridge came from?

A  Right.

Q  Where was that?

A  When I dived over the fence, the gun went off.

\*  \*  \*  \*  \*  \*

Q  Did you ever have any intention that night to shoot that gun at anyone?

A  No.

Q  Or to assault anyone with that pistol?

A  No, I did not.

Q  To endanger anyone's life?

A  No.

Q  Cause bodily injury to anyone?

A  No."

Appellant's evidence and defense was that the pistol discharged accidentally. As shown by the above quoted testimony, appellant specifically and unequivocally denied that he intended to commit any kind of an assault.[1] The State's evidence was to the effect that appellant intended to kill the injured party. Under the evidence, either the appellant intended to kill, or the pistol went off accidentally, but aggravated assault was not raised. A defendant may well be entitled to a charge on aggravated assault, if he testifies that he intentionally shoots a pistol, but gives sufficient details showing a lack of intent to kill to overcome the presumption of intent to kill arising from the use of a deadly weapon. Such, however, is not the case here.

The majority relies on *Chandler, Lira* and *Hall*. In *Chandler*, the Court on Appellant's Motion for Rehearing held that a charge on aggravated assault should have been given, but the primary error was the alleged failure of the trial court to charge on intent to kill, with the Court relying on Watts, supra. The defendant in *Chandler* admitted he pulled a pistol on the complaining witness and relied on the defense of self-defense and accident, as contrasted with a strictly accident defense in the case at bar. Furthermore, the majority overlooks the fact that *Chandler* was ultimately affirmed on State's Motion for Rehearing in Chandler v. State, 155 Tex.Cr.R. 41, 230 S.W.2d 526.

The majority's reliance on *Libra* is likewise misplaced because there the defendant testified that he fired the shot only to alarm, which itself constitutes an assault.[2]

*Hall*[3] is also questionable authority because the majority is admittedly relying on dictum, and actually misapplying this dictum. The defendant there was relying on self-defense, but testified that he shot one

---

1. See Article 1138, Vernon's Ann.P.C., setting out the "intention" necessary to constitute an assault and battery.

2. See Article 1138, V.A.P.C. and Article 1141, V.A.P.C.

3. This writer dissented in this case on another point.

time at the complaining witness to stop him, but not to kill him. The defendant there admitted to an assault (based on self-defense) but denied an intent to kill. In the case at bar, the appellant denied altogether that he committed an assault of any kind.

See my dissent in Shaw v. State, 510 S. W.2d 926 (Tex.Cr.App.). The principle behind this dissent and my dissent herein is a simple one, and that is that a trial court is only bound to charge the jury on defenses that are relied upon by the defendant.

In Beasley v. State, 177 Tex.Cr.R. 115, 346 S.W.2d 123 (1961), the defendant testified that he had no intention of killing the deceased and explained the firing of the rifle by stating that he jerked back from the deceased, and his hand slipped on the trigger. This Court held that no aggravated assault charge was required.

In Shelton v. State, 367 S.W.2d 867 (1963), we held that a charge on negligent homicide was not required where the defense was accident.

In Dickson v. State, 463 S.W.2d 20 (Tex.Cr.App.1970), evidence was elicited that "When the deceased ran behind a bush and 'went for his pocket', appellant admitted he took the gun and 'shot at the cab driver' though he 'did not intend to hit him in the back.'" In spite of this testimony, this Court held that an aggravated assault charge was not required.

The conclusions expressed in this dissent are further fortified by our holdings in Redd v. State, 452 S.W.2d 919 (Tex.Cr. App.1970); Barton v. State, 162 Tex.Cr.R. 75, 282 S.W.2d 237 (1955) and Butler v. State, 160 Tex.Cr.R. 492, 272 S.W.2d 125 (1954).

I dissent to the reversal of this conviction.

DOUGLAS, Judge (dissenting).

The prior dissenting opinion by this writer is withdrawn.

The majority overrules the State's motion for rehearing even without discussing a decision to the contrary handed down some nine months before the original opinion was written. See McBrayer v. State, 504 S.W.2d 445 (Tex.Cr.App.1974). That case should be distinguished or overruled. If both cases are allowed to stand, a different rule of procedure applies just because the offenses alleged bear a different name.

Thompson, the appellant, testified that his gun went off four times accidentally and that he had no intent to kill Officer Gary Fleming or injure anyone. This cause is reversed because the trial court did not give a requested charge on aggravated assault.

The court instructed the jurors, among other things, that before finding the appellant guilty of assault to murder a police officer they had to believe:

"(a) that the defendant, Freeman E. Thompson, made an assault upon Gary Fleming in Travis County, Texas on or about the 12th day of January, 1973, by shooting him with a gun, or attempting to shoot him with a gun;

"(b) that at the time of such assault, if any, the Defendant then and there had the specific intent to kill Gary Fleming;

"(c) . . .

"(d) . . . ."

The court further instructed that if the jury had a reasonable doubt that the State had established any of the foregoing elements to acquit.

The issue was joined. The State proved the assault upon the police officer. The appellant testified that there was no assault. Why should a trial court charge on matters not raised by the evidence? There was no evidence by appellant or anyone else to mitigate the circumstances to make an issue of aggravated assault.

The cases relied upon for reversal show the defendants admitted the shooting but intent to injure was denied. They are not in point.

Here, in effect, the majority is providing appellant with evidence to make an issue of aggravated assault by saying that the jury could disbelieve his testimony that he did not intend to shoot and believe that part that he intended to shoot but did not intend to kill. The majority is providing testimony for a defendant and is reversing the trial court for not doing the same.

We should not overrule sound cases such as Fuller v. State, 409 S.W.2d 866 (Tex. Cr.App.1967), to reverse a conviction where no harm or error has been shown.

Apparently the main reason given by the majority that the jury should have been instructed on the lesser included offense of aggravated assault is that the jury might disbelieve part of a defendant's testimony.

If this reasoning is good, then a court, in many if not most assault to murder cases, should charge on assault to murder with malice, without malice, aggravated assault, simple assault, because the jury might disbelieve part of the testimony offered by a defendant or the State. A jury could believe that a defendant committed any of the lesser included offenses and the trial court must charge on each.

Pity the trial judges who have to take all of the combinations in a defendant's statement or testimony and charge on each theory that may be conceivably raised. For example, a defendant testifies and makes ten statements—does a court have to charge on the assumption that one is correct and the other nine might not be believed? Then he should charge on the theory that No. 1 and No. 2 could possibly be believed but not the other eight, and so on with all possible combinations.

The recent case of McBrayer v. State, supra, decided in 1974, is in conflict with the present case. The conviction was for assault with intent to commit rape. McBrayer did not commit the act of rape. The complainant testified that the defendant stated that he was not going to rape her, but that he was going to "love" her and she was to cooperate. The evidence showed that he abducted her, threatened her life and fondled her. This Court held that the following was applicable:

"As stated in 4 Branch's Ann.P.C., Sec. 1889, p. 219:

" 'If the case is either assault with intent to rape or that defendant is not guilty of any offense, it is not error to fail to refuse to charge on the issue of aggravated assault. Dorsey v. State, 1 [Tex.] App. 33; Long v. State, [Tex. Cr.App.] 46 S.W. 640; Ricks v. State, 48 [Tex.Cr.R.] Crim. 229, 87 S.W. 345; Herbert v. State, 49 [Tex.Cr.R.] Crim. 72, 90 S.W. 653; Fowler v. State, 66 [Tex.Cr.R.] Crim. 500, 148 S.W. 576; Hooper et al. v. State, 72 [Tex.Cr.R.] Crim. 82, 160 S.W. 1187; Rettig v. State, 90 [Tex.Cr.R.] Crim. 142, 233 S. W. 839.'

"See also Torres v. State, 493 S.W.2d 874 (Tex.Cr.App.1973).

"*Still further, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense.* See Hale v. State, 164 Tex.Cr.R. 482, 300 S.W.2d 75 (1957); Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952)." (Emphasis supplied)

From the McBrayer opinion we find the correct rule, "A charge on the lesser offense is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense. . . ."

It is surprising that the majority is overlooking this case and is not overruling or distinguishing it.

Torres v. State, 493 S.W.2d 874 (Tex. Cr.App.), decided in 1973, also states the same rule. Neither is it distinguished nor overruled. Both cases cited the assault with intent to murder cases showing the same rule is applicable.

We now have one rule of procedure in an assault with intent to commit rape case which does not require a charge on the lesser offense of aggravated assault, because the evidence does not show the accused guilty of that lesser offense only. McBrayer v. State, supra.

Because of the decision in the present case, we have a new and different rule of procedure in an assault with intent to murder case because a charge on aggravated assault is required even though the evidence does not show the accused guilty of the lesser offense only.

The same rule of procedure should apply to all cases whenever possible. The decision today changes one rule into two rules without any reason.

More decisional points are being created. These two rules are unnecessary. Too many rules create confusion. The submission of unnecessary questions formerly plagued the trial of civil cases. We should not be going in the wrong direction, especially where the law is changed to get to that result.

Since the original opinion has been written, this Court has decided Jackson v. State, 516 S.W.2d 167 (Tex.Cr.App.1974). The reasoning in the present case was not followed, especially that part of the opinion which states that prior hereto unheard of rule in connection with the court's charge that any part of a witness' testimony may be disregarded.

The evidence in the Jackson case includes that of the defendant. He testified that Barnes, the deceased, became violent and attacked him whereupon Jackson struck Barnes with a three-hole punch and then with a plastic satchel containing a length of pipe. He related that all of these blows were struck in self-defense.

If the Court had applied the new rule, a part of the testimony of Barnes could be disregarded and the jury could pass upon all parts of it. Then the Court should have charged on aggravated assault. Because first, the jury could have disbelieved all of the testimony of the witnesses that Barnes was dead and secondly, the jury could have believed only that part of the testimony of Jackson that he hit Barnes on the head with the punch but only caused serious bodily injury and not death.

Under the new rule announced in the original opinion of the present case, the trial court should have charged upon the question of aggravated assault as requested by Jackson because of the possibility of disbelief of part of his testimony. Although not stated in the Jackson opinion, the record in that case shows the following occurred:

"Q. (Defense Counsel) And did you at any time intend to kill Bill Barnes?

"A. (Jackson, Defendant) No, I didn't."

In the Jackson case no deadly weapon per se was used. In such a case the mode and manner of its use must be looked to to determine intent. In the present case a deadly weapon per se, a pistol, was used.

There can be no distinction where death was inflicted because under the new theory the jury could have disbelieved Jackson when he testified Barnes was dead. There was evidence of no intent to kill in the Jackson case; it was affirmed. Different results should not be reached on the same facts.

The new rule was not applied in Davis & Mitchell v. State, 516 S.W.2d 157 (Tex.

Cr.App.1974), decided after the original opinion in the present case. Mitchell's conviction was affirmed and his contention that error was committed for the failure to give a charge on aggravated assault was overruled.

In that case Mitchell, who was driving a Cadillac bearing Tennessee license plates, was stopped near Abilene for speeding. A highway patrolman instructed Mitchell to follow him to the office of a justice of the peace. Mitchell followed until the officer entered the exit ramp and then sped away on Interstate Highway 20 in a westerly direction. A high speed chase began. Other officers joined in the chase. A number of shots were fired at the Cadillac as it veered from lane to lane of the multi-lane highway.

Boyd Baker, Chief of Police of Merkel, the complaining witness, testified that he parked his police car on Interstate 20 and turned on the car's red lights. He was standing four feet into the outside lane. Moments later he saw the Cadillac and its pursuers bearing down upon his position. Baker raised his rifle in an effort to stop the Cadillac:

> " . . . As the Cadillac closed to within fifty to seventy-five yards of him, it suddenly swerved from the inside lane to the outside lane, causing Baker to jump four feet to a location in front of his vehicle. The Cadillac then hurtled past, missing Baker by about one foot. Baker fired once at the driver's head and once at the back of the Cadillac as it sped by him."

The intent had to be presumed in Mitchell's case because an automobile is not a deadly weapon per se. Followers were shooting at Mitchell and under such circumstances many drivers would probably weave from one lane to another. Requiring a charge on aggravated assault in the Mitchell case would have been more appro-priate than requiring such a charge in the present case. However, that case was affirmed.

The court decision, rule or language that if there is any evidence of lack of intent to kill a court must charge on aggravated assault has been previously mentioned. Usually those cases involve a deliberate shooting in the direction of another and there has been testimony by a defendant that he intended to alarm and did not intend to kill. Under the holding by the majority, when a defendant testifies to an alibi this would entitle him to a charge on aggravated assault because under such evidence he would have had no intent to kill at the time and place alleged since he was not present.

If a defendant puts on evidence of accident, self-defense, and perhaps other defenses in the same case, and then tells the jury on redirect and recross examination that he shot and killed the deceased because he found the deceased in bed with his wife, and he further testifies that his other testimony was false because he did not want to give the true reason earlier in consideration of his children, under the majority ruling a charge on aggravated assault must be submitted. This is so, according to the majority, since there is some evidence in the record to raise lack of intent to kill and the jury may believe or disbelieve any part of the testimony.

A case should be considered in its entirety. Some isolated inference that no intent to kill may be presumed or retracted testimony of no intent to kill would require a charge on aggravated assault would make trials a farce.

If this Court by its decision has made such a charge mandatory and reversible under all circumstances (as the majority is apparently thinking today), then the rule should be changed. Such a rule is not found in the Constitution or in our statutes.

We should not adopt the domino theory with regard to explanatory language in a case. Under the domino theory, all cases must fall because such literal explanatory language cannot be applied to later trials, even in wholly different situations.

Under the explanatory language of the majority that the jury could believe and disbelieve a part of appellant's testimony as a basis for the charge, a trial court would be required to charge on regular assault to murder because the jury might not have believed the assaulted person was a police officer even though a defendant testified that he knew that the person was a police officer.

The jury judges the facts, but the testimony of the appellant as to the four accidental and unintentional shootings is so ridiculous that no jury of ordinary intelligence and integrity would reach a different result.

Assuming the court's refusal to charge on aggravated assault was error, the Legislature provided the answer in Article 36.19, Vernon's Ann.C.C.P., concerning errors in the court's charge. The statute provides, in part, that "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant or unless it appears from the record that the defendant has not had a fair and impartial trial."

The Legislature provided that we should examine the charge and if there is error which is not calculated to injure the rights of a defendant, the case should not be reversed. It would be hard to imagine a better case for the application of the statute.

Cases should be decided on substance. This is not being done by the majority today.

No error has been shown. The judgment should be affirmed.