Michael E. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00596–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 27, 1988.

David R. Weiner, San Antonio, for appellant.

Fred G. Rodriguez, Mario Bordini, Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CANTU, JJ.

OPINION

CANTU, Justice.

Appellant was convicted by a jury of the offense of murder. Punishment was assessed by the Court at confinement for a term of sixteen years.

In a singular point of error appellant alleges that the trial court erred in refusing his requested instruction on the law of self defense. Appellant requested the following instruction:

Upon the law of self defense, you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is immediate [sic] necessary to protect himself against the other person's use or attempted use of unlawful force.

A person is justified in using deadly force against another if he would be justified in using force against the other in the first place, as above set out, and when he reasonably believes such force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force, and if a reasonable person in defendant's situation would not have retreated.

By the term "deadly force" is meant force that it [sic] intended or known by the person using to cause, or in the manner of its use or intended use is capably

[sic] of causing, death or serious bodily injury.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Serious bodily injury" means a bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.

By the term "reasonable belief," as used herein, is meant a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

When a person is attacked with unlawful deadly force, or he reasonably believes he is under attack or attempted attack with unlawful deadly force, and there is created in the mind of such person a reasonable expectation or fear of death; or serious bodily injury, then the law excuses or justifies such person in resorting to deadly force by any means at his command to the degree that he reasonably believes immediately necessary, viewed from his standpoint at the time, to protect himself from such attack or attempted attack. It is not necessary that there be an actual attack or attempted attack, as a person has a right to defend his life and person from apparent danger as fully and to the same extend [sic] as he would had the danger been real, provided that he acted upon a reasonable apprehension of danger, as it appeared to him from his standpoint at the time, and that he reasonably believed such force was immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force.

\* \* \* \* \* \*

You are further instructed that in determining the existence of real or apparent danger, it is your duty to consider all of the facts and circumstances in the case in evidence before you and consider the words, acts, and conduct, if any, of Joe Gonzalez at the time of and prior to the time of the alleged killing (and consider whatever threats, if any, the said Joe Gonzalez made to the defendant, and consider any difficulty or difficulties which the said Joe Gonzalez had with the defendant) and in considering such circumstances, you should place yourselves in the defendant's position at that time and view them from his standpoint alone.

\* \* \* \* \* \*

Now, if you find from the evidence beyond reasonable doubt that the defendant, Michael Martinez, did shoot Joe Gonzalez with a gun, as alleged, but you further find from the evidence that viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of Joe Gonzalez, it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of lawful [sic] deadly force at the hands of Joe Gonzalez, and that acting under such apprehension, he reasonably believed that the use of deadly force on his part was immediately necessary to protect himself against Joe Gonzalez's use or attempted use of unlawful deadly force, and he shot the said Joe Gonzalez, and that a reasonable person in defendant's situation would not have retreated, then you should acquit the defendant on the grounds of self-defense; or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on the occasion and under the circumstances, then you should give the benefit of that doubt to the defendant and acquit him, and say by your verdict "not guilty."

Appellant claims that the issue of self defense was raised by his direct testimony:

[Defense Counsel]

Q. Put your stick aside there. Then what happened?

[Appellant]

A. At that time, after he said that, he jumped off the car, he grabbed hold of my shirt. He told me, "I hate you. I've always hated you. I'm going to kick your ass. I'm going to kill you.

Q. Then what happened?

A. Well, that really scared me. He started—he let go with his right hand —he let go of his right hand. He hit me twice on the side of the face.

Q. Then what happened?

A. I started to go back for—I don't know what he was going for, but he was going back for his back pocket.

Q. What did you think he was doing?

A. I thought he was going for a knife that I had seen him carrying before.

\* \* \* \* \* \*

Q. Let's take it in slow motion for the jury. Leading up to the first shot, go through it super slow motion to the best of your memory, Mike.

A. When Joe had said the he hated me, he always hated me; that he was going to kick my ass, and he was going to kill me, then he hit me, I figured that was the part where he was saying he was going to kick my ass. Then when he started to reach for his back pocket, I used both of my hands. I pushed him back. At that time Joe was still reaching for his back pocket, but I took out—I used my left hand. I took out the gun. I cocked the gun back, quick. It was a quick response because I didn't know—I wasn't sure if he had it on him right there that instant. I pulled the gun back, I fired up into the air. At that time Sylvia came. She grabbed the gun. The gun came down. It fired. At that time I used my left hand and brought the gun back up. The third shot is the one that went up into the air, also. I started to pull up towards the street, the gun went off in the air again. That was shot number 4. I let go with my left hand. When my hand was up in the air, the gun came back down again and it hit the blue Maverick.

At that time Willy started to come out of the gate, and I heard Amelia say—I heard Amelia tell Sylvia, "Joe has been hurt." Sylvia, let go of the gun. The gun fell to the ground and I took off running to my house.

Appellant also testified on direct examination as follows:

Q. [Mr. Economidy] What is your name?

A. [Appellant] Mike Ernest Martinez.

Q. Did you murder Joe Gonzalez?

A. No, sir.

Q. Do you know who caused the death of Joe Gonzalez?

A. My mother-in-law Sylvia Perez.

\* \* \* \* \* \*

Q. [Mr. Economidy] Did you see the gun again, Mike?

A. [Appellant] No, sir.

Q. Have you ever seen the gun again?

A. No, sir.

Q. Were you trying to shoot Joe Gonzalez?

A. No, sir.

Q. Were you trying to kill him?

A. No, sir.

Q. Did you intend to kill him?

A. No, sir.

■ It is well settled that the trial court, upon proper request, must instruct the jury on every defensive theory raised by the evidence, without regard to whether such evidence was produced by the State or the defendant, or whether such defensive evidence might be strong, weak, unimpeached, or contradicted. *Booth v. State*, 679 S.W. 2d 498, 500 (Tex.Crim.App.1984) (en banc). If a defensive theory is raised, and the trial court is timely and properly requested to instruct the jury on that theory, the trial court must instruct the jury on the raised defensive theory. It is the trier of the facts, and no one else, who has the responsibility to decide whether to accept or reject the defensive theory. *Thompson v. State*, 521 S.W.2d 621, 624 (Tex.Crim.App.1974).

■ Moreover, it is permissible for the accused to have the jury decide inconsistent defensive theories, even when they might directly contradict one another. *Warren v. State*, 565 S.W.2d 931, 933 (Tex.Crim.App. 1978); *Thompson v. State, supra. Cf. Garcia v. State*, 492 S.W.2d 592, 595–96 (Tex.Crim.App.1973).

■ The question we must decide is whether there was any evidence introduced

**690**

from any source which would require the submission of a charge on deadly force in defense of person?

We first examine the language of the statute. TEX.PENAL CODE ANN. § 9.31(a) (Vernon 1974) provides in pertinent part:

> Except as provided in subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

In arriving at the correct answer to the query we must answer, we ask whether the evidence merely negates an element of the offense or whether it admits of the commission of the offense and then seeks to justify or excuse the conduct so as to absolve of criminal responsibility for engaging in conduct which otherwise constitutes a crime. *Sanders v. State*, 707 S.W.2d 78, 81 (Tex. Crim.App.1986) (en banc).

Our interpretation of the evidence adduced convinces us that nothing therein admits of the commission of the offense charged but merely denies the existence of facts which would constitute the offense charged.[1] We do not believe that self defense was raised so as to require that an instruction be submitted to the jury. Appellant's sole point of error is overruled.

The judgment is affirmed.

---

[1.] Even Appellant's requested instruction presumes an admission of the commission of the offense, to wit:

Now if you find from the evidence beyond a reasonable doubt that the defendant, Michael Martinez, did shoot Joe Gonzalez with a gun, as alleged, ...