11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David
Castillo

Appellant

Vs.      
            No. 11-01-00214-CR  -- 
Appeal from Knox County

State of Texas

Appellee

 

The trial
court convicted David Castillo of engaging in organized criminal activity by
conspiring to deliver more than 4 grams but less than 200 grams of
cocaine.  TEX. PENAL CODE ANN. ' 71.02 (Vernon Supp. 2002).  The trial court assessed punishment at
confinement for 20 years.  We affirm.[1]  

Appellant
has briefed three points of error.  In
the first point, he challenges the sufficiency of the evidence by contending
that the accomplice witnesses= testimony was not corroborated by evidence tending to connect
appellant to the offense.  In his second
point, appellant contends that the evidence is legally insufficient because a
fatal variance exists between the allegations charged in the indictment and the
evidence proved at trial.  In his final
point, appellant argues that the trial court erred in denying his motion for
new trial, which was based upon the State=s failure to produce exculpatory evidence.  








In order
to support a conviction based upon the testimony of an accomplice, there must
be corroborating evidence that tends to connect the accused with the
offense.  TEX. CODE CRIM. PRO. ANN. art.
38.14 (Vernon 1979); Reed v. State, 744 S.W.2d 112 (Tex.Cr.App.1988).  To determine the sufficiency of the
corroboration, we must examine the testimony of the non‑accomplice
witnesses and determine if there is inculpatory evidence "tending to
connect" appellant to the crime. 
Reed v. State, supra at 127.  An
accomplice witness need not be corroborated in all his testimony, and the
corroboration need not directly link the accused to the crime or be sufficient
in itself to establish guilt.  Reed v.
State, supra. 

The record
in this case shows that two non-accomplice witnesses testified regarding an
undercover sting operation in which several small purchases of cocaine were
made in 1999 in Knox County.  During
this time period, an undercover confidential informant bought cocaine from some
of appellant=s codefendants:  Mary Alice Masias, Alfred Masias, Jr. (a/k/a Junior Masias) and
Dennis Masias.  After conducting the
sting operation, the police determined that the local dealer=s supply of cocaine came from Austin from
appellant, Frank Masias, Jr., and Johnny Masias.  The testimony of Alfred, Dennis, Mary, Christy Masias Gallegos,
and Natalie Michelle Dempsey supported the conclusion that Alfred=s and Dennis=s supply of cocaine came, in part, from appellant.  Alfred, Dennis, Mary, and Christy were all
accomplices as a matter of law.  The
issue is whether Natalie was an accomplice witness.  

The record
shows that Natalie made two trips to Austin during which cocaine was purchased
from appellant and/or Frank.  On the
first trip, Alfred, Dennis, and Daniella Martinez picked Natalie up at her
mother=s house in Gatesville.  From there, they went to Austin and spent
the night.  Natalie testified that, at
first, she did not know the purpose of the trip to Austin, although she figured
it out while in Austin.  She did not
actually witness the transfer of cocaine on this occasion because she and
Daniella had been instructed to go to another room.  The next day, they left Austin and drove to Knox County, but
Natalie did not know where in the vehicle the cocaine was located.  Natalie did not assist in purchasing,
hiding, or selling the cocaine.  The
next month, Natalie accompanied Alfred on another trip to Austin.  This time, she knew the purpose of the trip
and also witnessed the transaction. 
Again, she did not conspire or assist in purchasing, hiding, or selling
the cocaine.  However, on this trip, she
knew where the cocaine was located in the vehicle and had been instructed by
Alfred to hide it in her bra if they were stopped by police.  In answer to defense counsel=s question as to whether she was helping
Alfred, Natalie replied, AWell, I guess.@  According to Natalie, they were not stopped;
and she did not put the cocaine in her bra or actually do any act to help
Alfred.  No criminal charges were filed
against Natalie. 








An
accomplice witness is one who participates with the accused before, during, or
after the commission of the crime. 
McFarland v. State, 928 S.W.2d 482, 514 (Tex.Cr.App.1996), cert. den=d, 519 U.S. 1119 (1997); Kunkle v. State, 771 S.W.2d 435, 439 (Tex.Cr.App.1986),
cert. den=d, 492 U.S. 925 (1989).  The participation must involve an
affirmative act committed by the witness to promote the commission of the
offense.  McFarland v. State, supra;
Kunkle v. State, supra at 441.  The mere
knowledge of the offense, the failure to disclose the offense, or even the
concealing of the offense does not make a witness an accomplice.  In order to be an accomplice as a matter of
law, the witness must be susceptible to prosecution for the offense with which
the accused is charged.  McFarland v.
State, supra; Kunkle v. State, supra at 439. 
Since the evidence does not show that she performed an affirmative act
promoting the offense, Natalie was not an accomplice as a matter of law.  Consequently, her status was an issue for the
trial court, as the trier of fact, to determine.  Dawson v. State, 472 S.W.2d 775, 776 (Tex.Cr.App.1971).  The trial court apparently concluded that
Natalie was not an accomplice.  Because
there is evidence to support this conclusion, we will not disturb the trial
court=s decision. 
See Dawson v. State, supra.  

Now that
we have determined Natalie=s status, we will address the sufficiency of the corroborating
evidence.  The accomplice testimony
indicates that Alfred and others made several trips to Austin in 1999 to buy
cocaine for the Masias family to sell in Knox County.  During each trip, two to three ounces of cocaine were purchased
from appellant and/or Frank.  An ounce of
cocaine equals 28 grams.  The
accomplices indicated that appellant knew that the cocaine was to be resold in
the Knox County area.  Alfred testified
regarding various trips to Austin in which he purchased cocaine from
appellant.  On one occasion, Christy was
with him and witnessed the transfer of cocaine from appellant to Alfred at
appellant=s duplex. 
Christy and Alfred testified regarding the transaction and the fact that
Alfred and appellant had called each other on their cell phones.  The State introduced cell phone records
showing that, on the date in question, Alfred had called appellant and that,
later on the same day, appellant had called Alfred.  








We hold
that the non-accomplice testimony sufficiently corroborated that of the
accomplices.  Natalie testified that,
although she did not witness the actual transfer of cocaine during her first
trip to Austin, she thought that the cocaine was purchased from appellant and
Frank.  Natalie identified both
appellant and Frank in court.  During
the second trip to Austin, she witnessed the transaction and actually saw appellant
transfer the cocaine to Alfred.  Natalie=s testimony connects appellant to the
offense.  Furthermore, the various
business records also tend to corroborate the accomplice testimony.  In addition to the cell phone records,
records from a Motel 6 were introduced. 
Alfred, Dennis, and Natalie testified that Alfred had rented two rooms
at a Motel 6 and that a drug transaction occurred in one of those rooms.  Business records from the Motel 6 showed
that Alfred had, in fact, rented two rooms on the date that Natalie made her
first trip to Austin.  Because we find
that the non-accomplice evidence tends to connect appellant with the offense,
we overrule the first point of error.  

In the
second point, appellant contends that the evidence is legally insufficient
because there is a fatal variance between the indictment and the State=s proof at trial.  This argument is based upon the indictment=s inclusion of Lee Edward Shields and Cindy
Masias as members of the combination that committed the offense.  The State offered no evidence at trial
indicating that these two persons participated in the combination.  However, the State offered evidence showing
that the other seven named defendants participated in the combination.  In Gollihar v. State, 46 S.W.3d 243 (Tex.Cr.App.2001),
the Texas Court of Criminal Appeals reaffirmed the fatal variance doctrine and
adopted the following materiality test to determine whether a variance is
fatal: 

A variance between the wording of an indictment and the evidence
presented at trial is fatal only if "it is material and prejudices [the
defendant's] substantial rights." 
When reviewing such a variance, we must determine whether the
indictment, as written, informed the defendant of the charge against him
sufficiently to allow him to prepare an adequate defense at trial, and whether
prosecution under the deficiently drafted indictment would subject the
defendant to the risk of being prosecuted later for the same crime.  

Gollihar v. State, supra
at 257, (quoting United States v. Sprick, 233 F.3d 845, 853 (5th Cir.
2000)).  In this case, although there
was a variance between the indictment and the proof at trial, the variance was
not fatal because it did not meet the materiality test.  See Fuller v. State, 73 S.W.3d 250
(Tex.Cr.App.2002); Gollihar v. State, supra. 
The indictment was sufficient to inform appellant of the offense and to
avoid the risk of double jeopardy.  The
second point of error is overruled.  








In his
final point, appellant contends that the trial court erred in denying his
motion for new trial.  In the motion,
appellant complained of the State=s failure to produce exculpatory evidence -- the existence of plea
agreements between the State and the State=s witnesses who were co-defendants. 
The State had an affirmative duty to disclose this type of impeachment
evidence.  United States v. Bagley, 473
U.S. 667, 676-77 (1985); Etheridge v. State, 903 S.W.2d 1, 20
(Tex.Cr.App.1994), cert. den=d, 516 U.S. 920 (1995).  The
State=s failure to disclose such evidence constitutes
a constitutional violation only if it undermines the confidence in the outcome
of the trial such that there is a reasonable probability that the result of the
proceeding would have been different. 
United States v. Bagley, supra at 682; Etheridge v. State, supra.  Alfred, Dennis, Christy, and Mary all
testified on direct examination that they had negotiated some sort of plea
agreement with the district attorney in exchange for their testimony at
appellant=s trial. 
One month before trial, the State notified appellant that it would call
each of these witnesses to testify at trial. 
As in Etheridge, the existence of the impeaching evidence was
made known to appellant during trial and was available for use to impeach the
witnesses at trial.  We hold that the
confidence in the outcome of appellant=s trial was not undermined. 
Consequently, the trial court did not abuse its discretion in denying
appellant=s motion for new trial.  The third point of error is overruled.  

The
judgment of the trial court is affirmed. 


 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

August 29, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]On this same date in a companion case, we also affirmed
the conviction of Frank Masias, Jr., one of appellant=s co-defendants. 
See Masias v. State, No. 11-01-00207-CR (Tex.App. - Eastland, August 29,
2002, no pet=n h.)(not designated for publication).